Cook, Administrator, v. W. Y. & John T. Lovell.

1. SET-OFF. In an action by an administrator for money due to his intestate, demands against the intestate and acquired by the defendant after his death cannot be pleaded as an offset.

*Appeal from Dubuque City Court.*

SATURDAY, OCTOBER 6.

*Thomas M. Monroe* and *Lovell & Williams* for appellant.

*Samuels, Allison & Crane* for appellee.

WRIGHT, J.—Plaintiff sues for money had and received by defendants for the use of the intestate. Defendants, by way of set-off, set up a note given by decedent to one C. W. L., which was assigned to defendants *after* the intestate's death, but before the commencement of this action. The sole question in the case is, whether this was a legitimate set-off to the claim of plaintiff. The court below held that it was not; and in this, in our opinion, there was no error.

Appellants concede that the right to plead set-off in an action is purely statutory. It is also admitted that under the statutes of England and most of the United States, the decisions are quite uniform against the right of defendants to set-off under the circumstances disclosed in this case. But it is insisted that this question must be decided upon our own statute, and that this clearly gives the right. The section relied upon is 1740, as follows: "The defendant may also set up by way of set-off or cross-action, *any claim* which would *have been the subject of an action against the plaintiff and which was held by the defendant, either matured or not at the time suit was commenced.* But such claim must be matured at the time it is so offered as a set-off."

The primary and leading object of this statute was to recognize the right to set-off claims and demands which, from their nature and essence were not, at common law, regarded as proper matter for a cross-action. But it was not the intention to make the change contended for by appellants. Such a construction would permit an interference with the settlement of estates, with the collection and distribution of the assets thereof to an extent never contemplated by the law.

                                        Judgment affirmed.