### WOODWARD, Adm'r, v. LAVERTY et al.

1. LIMITATION: CLAIMS AGAINST ESTATES. Claims belonging to the fourth class named in § 2404 of the Revision of 1860, are barred, and will not be allowed if not presented for allowance within one year and a half after the granting letters of administration, unless embraced within the exceptions in said section provided for.

2. ORDER OF ARGUMENT. The order of argument is so much a matter of discretion that the Supreme Court will not interfere with the ruling of the Court below fixing the same.

3. SET-OFF AGAINST ADMINISTRATOR. The debtor of an estate will not be permitted to set up, as an set-off against his debt, demands against the estate purchased after the death of the intestate at a discount.

*Appeal from the Warren District Court.*

WEDNESDAY, DECEMBER 24.

THE defendants Laverty and Igow, with one Kitchell, since deceased, as the trustees of the Methodist Episcopal Church, Palmyra, Iowa, gave their promissory note to Samuel Laverty for $120, the one sued on. Samuel Laverty died soon thereafter. The plaintiff was appointed

administrator of his estate, and as such brought this action to recover the amount of said note. The defendants answer, admitting the execution of the note, but claim an accord and satisfaction by the said administrator, agreeing to receive in payment of said note a certain note given by said deceased to one Wells, and by him assigned to the defendant Lyon; that said administrator had agreed to accept said note, and had received the same with the difference in money paid by said Kitchell, but had never given up the note sued on as he had promised to do.

Defendants claim that they are entitled to have the amount of the note thus assigned set off against the note in the hands of the plaintiff. To this answer the plaintiff replies, denying the agreement to take said note in payment of the one due the estate, and alleging that prior to the commencement of this action eighteen months had elapsed after notice had been given of plaintiff's appointment as said administrator; that defendant had failed to have said note filed as a claim against said estate, and that under the statute it was barred by limitation, and could not be set off as a claim against the note sued on. To this portion of the replication there was a demurrer which was sustained. Trial by jury as to the other issue. Verdict for defendant. Plaintiff appeals.

*Todhunter and Cole* for the appellant.

*Maxwell* for the appellee.

BALDWIN, C. J.—The court erred in sustaining the defendants' demurrer to plaintiff's replication. Section 2404, Revision of 1860, provides the order in which claims against an estate shall be paid by the administrator. The next section provides that all claims, after the fourth of the above classes (and the defendants' claim falls within this class), not filed and proved within one year and a half of

the giving of the notice aforesaid, are forever barred, unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief.

It is not alleged that this claim was pending in either of said courts. Nor do the defendants undertake to make any satisfactory showing that would entitle them to equitable relief.

It may be said that the showing by defendant in relation to the fact that the defendant supposed the note had been applied by Kitchell, &c., and was given up to the administrator, was sufficient to take the claim out of the statute. The proof in relation to this averment was introduced to establish a settlement, and not to establish any claim for relief.

We are not prepared to hold that there was error in the ruling of the court in giving to the defendant the opening and closing argument, or in refusing to tax the cost against defendant to the time a portion of the answer was withdrawn. This was so much a matter of discretion that an appellate court will not interfere with it.

The court erred in the admission of the testimony of Mrs. Kitchell. It was improper to permit her to testify as to what her understanding was of the declarations of her husband. Also, in the admission of the evidence of the defendant Igow as to the purpose of executing a note by Laverty and others to defendant Igow, and in the admission of the note in evidence. These were matters between the defendants, and without any evidence tending to show that the plaintiff had any knowledge of this arrangement.

If the 3d and 10th instructions asked by the plaintiff, and refused by the court, contained the proposition, as is stated by counsel under their 6th point, which is, that a debtor to an insolvent estate cannot buy claims of creditors to set off against his debt, such refusal would be clearly erroneous.

It has been ruled by this court in the case of *Cook* v. *Lovell*, 11 Iowa, 81, that in an action by an administrator for money due his intestate demands against the intestate, and acquired by the defendant after his death, cannot be pleaded as a set-off.

The defense in this case is twofold. First, it is claimed that the administrator took this note in absolute payment of the debt; second, that if not, it should now be allowed as a set-off.

Whether the administrator could thus take a claim not probated, in full payment and satisfaction of a debt due the estate, is a question not properly raised by the instruction. On the contrary, the affirmative of this proposition is conceded by the first instruction asked. The 3d and 10th instructions each contained two distinct propositions, one of which in each is contradictory of the proposition conceded by the plaintiff in the first instruction asked and given. The court did not, therefore, err in refusing to give the instructions asked in this form.

Holding, as we do, that the statute of limitations was well pleaded, the cause on reversal will be in such a situation that it is not important to consider the other instructions alleged to be erroneous.

Reversed.