DANIEL W. AIKEN *v.* FREDERICK T. BRIDGMAN.

*Pleading. Parties. Offset.*

An administrator may sue to recover the price of property belonging to the estate of his intestate and sold by himself personally, without naming himself as administrator, or joining his co-administrator.

In such a case the defendant cannot plead in offset a claim in his favor against the estate of the plaintiff's intestate.

ASSUMPSIT in the general counts for property sold the defendant, a part of which belonged to the estate of Samuel Aiken. Plea, the general issue and a declaration in general assumpsit in offset. Trial by jury, June Term, 1864, POLAND, Ch. J., presiding.

It appeared that the plaintiff and his brother, Solomon Aiken, were joint administrators of the estate of Samuel Aiken at the time said property was sold to the defendant, but that most of the business in selling said estate was done by the plaintiff. These items were of such amount that if disallowed the balance would be with the defendant.

It appeared that the plaintiff alone sold the property belonging to Samuel Aiken's estate to the defendant.

The defendant claimed that the plaintiff could not recover in his own name for property sold the defendant belonging to said estate, and insisted that recovery for the same could only be by joint action in favor of both administrators; but the court overruled the objection and charged the jury that if the plaintiff made the sale of such property himself, doing the business alone, and the co-administrator, Solomon, had nothing to do with such sale, the plaintiff might recover in his own name in this action for the property so sold the defendant by the plaintiff, though it belonged to the estate of Samuel Aiken,—to which the defendant excepted.

The evidence tended to prove a valid claim in favor of the defendant against the estate of Samuel Aiken, but the defendant never presented this claim to the commissioners on said estate.

The defendant insisted that as a claim in offset to items of account in favor of said estate it was properly allowable in this suit, although

17

not presented to the commissioners, but the court excluded the defendant's claim from the consideration of the jury,—to which the defendant excepted.

Verdict for the plaintiff.

*O. S. & C. C. Burke,* for the defendant, insisted that the two administrators of Samuel Aiken's estate should have been joined, and cited 2 Black. Com. 182, 396; *Brinckerhoof* v. *Wemple,* 1 Wend. 470; *Halliday* v. *Doggett,* 6 Pick. 359; Story on Part. § 271; *Wright* v. *Williamson,* 978; *Mason* v. *Lord,* 20 Pick. 447; that the defendant could plead in offset his claim against said estate, and cited *Leavenworth* v. *Lapham,* 5 Vt. 207; *McDonald* v. *Webster,* 2 Mass. 498; *Bordman* v. *Smith,* 4 Pick. 212; *Knapp* v. *Lee,* 3 Pick. 452; *Jarvis* v. *Rogers,* 15 Mass. 407; *Way* v. *Wakefield,* 7 Vt. 228; 1 D. Chip. 157.

*B. N. Davis,* for the plaintiff.

KELLOGG, J.   An administrator may sue to recover the price of property belonging to the estate of his intestate and sold by himself personally, without naming himself as administrator, or joining his co-administrator.   *Brassington et al.* v. *Ault,* 2 Bingh. 177, (9 E. C. L. 369;) *Heath* v. *Chilton,* 12 Mees. & W. 632; 1 Saund., (Patteson & Williams' edition,) 291, k. note (m.;) 2 *ib.* 47, x. note (t.;) 2 Greenl. Ev., § 338.   The privity of contract in such a case is not between the purchaser and the estate of the intestate, but is between the purchaser and the administrator of whom he purchases the property.   The contract is between the parties as individuals, and is personal as between them, though, in some cases, the administrator has the option of suing either in his representative or his personal character.   *Cowell* v. *Watts,* 6 East, 405.   We think that the jury were correctly instructed that the plaintiff could recover in an action in his own name for the price of the property of his intestate which he sold to the defendant personally, if he made the sale alone, and his co-administrator had nothing to do with the sale.

The evidence on the trial tended to establish a valid claim in favor of the defendant against the estate of the plaintiff's intestate, which was relied on by the defendant under his plea in offset.   Assuming

that the plea is sufficient in form, and is broad enough to include the claim, we think that there are two decisive objections to the offset claimed. (1.) The form of the action limits the right of offset to the claims of the defendant against the plaintiff in his individual or personal, and not in his representative, character. (2.) A defendant is not allowed to set off a debt due to him from the plaintiff's testator against a debt which accrued to the plaintiff in his representative capacity, after the testator's death; for this would be altering the due course of the distribution of assets, and the defendant might thus be indirectly paid before creditors of a higher degree. *Kilvington, Ex'r,* v. *Stevenson,* cited in Willes, 264, n. (a.) The plaintiff's claim is for the price of property belonging to the estate of the intestate which was sold by the plaintiff to the defendant after the intestate's death. The defendant's claim in offset is one which he might, and should, have presented to the commissioners of claims against the intestate's estate for allowance. If the claim had been allowed by the commissioners, it would have had no priority over the other claims allowed against the intestate's estate; but, if the defendant's offset should be sustained, he would, to that extent, receive full payment upon his claim, when in fact it might be that he would be entitled only to a dividend upon it. In *Rees* v. *Watts, Adm'r of Watts,* 11 Exch. 410, it was held that to an action by an administrator who sues in his representative character for a debt due after the death of the intestate, the defendant cannot set off a debt due to him from the intestate in his-lifetime. And this doctrine holds, whether the plaintiff declare as executor, or sue, as he may do, in his private character for the debt which accrued due to him since the testator's death. *Shipman* v. *Thompson,* Willes, 103. Chitty on Contracts, (10th Amer. edit.,) 956.

Judgment of the county court for the plaintiff affirmed,