## DAYHUFF *v.* DAYHUFF's Administrator.

DECEDENTS ESTATES.—SET-OFF.—In a suit by an administrator for a debt due the estate of the decedent, which originated after the death of the intestate, the defendant cannot set-off a debt due him by the intestate in his life time.

SAME.—To a suit by an administrator *de bonis non* upon a note given for the price of property purchased at the administrator's sale, the defendant pleaded, by way of set-off, a debt due him by the decedent in his life time. It was also alleged that the former administrator had agreed, at the time the defendant purchased the property, to allow the set-off.

*Held*, that by the execution of the note the agreement to allow the set-off was waived.

APPEAL from the *Howard* Common Pleas.

ELLIOTT, J.—This was a suit by *Huddleson*, as administrator *de bonis non* of the estate of *Daniel Dayhuff*, deceased, against *Andrew F. Dayhuff*, on a note for $209 20, executed by the latter to *Lindley*, the former administrator of said estate, for personal property of the deceased sold by *Lindley*, and purchased by said *Andrew F. Dayhuff*, at public sale.

The defendant answered, by way of set-off, that *Daniel Dayhuff*, the decedent, in his life time, was indebted to him

in the sum of $337, upon an account, for boarding, lodging, clothing, washing, mending, schooling and books, furnished *Maria Dayhuff*, a minor daughter of the decedent, from the first of *February*, 1857, to the fourth of *July*, 1858, and for money paid to and for her, for necessaries, during said time, by said defendant, at the special instance and request of said decedent; that the claim was just, and that the decedent, in his life time, paid the defendant ten dollars on the same, the residue remaining due and unpaid. It was further averred, that a short time before his death, the decedent wrote to said defendant and thereby acknowledged said claim, and promised to pay the same to the defendant. This alleged writing is not made a part of the answer, nor was any copy thereof filed with it.

It was also alleged in the answer, that at the time of the sale of the property for which said note was given, the said *Lindley*, then the administrator of said estate, agreed and promised that if the defendant would purchase property to the amount of his claim against said estate, or any less sum, the amount so purchased should be set-off against the defendant's account; that the estate of the decedent is solvent, and that the debts against the same are nearly, if not entirely, paid; that a partial distribution had been made, and on the final settlement of the estate there would be a further sum for distribution, exclusive of the note in suit. The answer concluded by offering to set-off of said account, for the satisfaction of said note, a sum equal to the amount due thereon, &c. The court sustained a demurrer to the answer, to which the defendant excepted. And the defendant failing and declining to answer further, judgment was rendered for the amount due on the note. The defendant appeals.

Did the court err in sustaining the demurrer to the answer? This is the only question in the case. It seems to be well settled that in a suit by an administrator for a debt due the estate of the decedent, originating, as in this case, after the death of the intestate, the defendant cannot set-off

a debt due him by the intestate before his decease. *Mc-Donald* v. *Black's Administrator*, 20 Ohio 185; *Merritt* v. *Seaman*, 6 N. Y. 168; *Mercein* v. *Smith*, 2 Hill (N. Y.) 210; *Root* v. *Taylor*, 20 John. 137; *Dale* v. *Cooke*, 4 John. Ch. R. 11. The principle of mutuality, in such cases, requires that the debts should not only be due to and from the same person, but in the same capacity. Here the note sued on was not executed to the decedent in his life time, but to his administrator, for property purchased of the latter after the death of the intestate; while the set-off claimed is for an alleged indebtedness of the decedent in his life time. To allow a set-off in such cases would disturb the due course of administration and distribution of the estate. The payee of the note in suit might have sued thereon in his own name, but the fact that the suit is by the plaintiff, in his representative capacity, does not change the rights of the parties, though *dicta* may be found to the contrary.

But it is insisted by the appellant's counsel, that the alleged promise of *Lindley*, the former administrator, to allow the set-off, if the appellant would purchase the property for which the note was given, was binding on him, and secured to the plaintiff the right to make the set-off. We do not think so. The appellant did purchase the property, but *Lindley* did not make or allow the set-off, nor did the appellant claim his right thereto, but, on the contrary, executed the note for the property, without any condition or reservation therein as to the right of set-off. Under these circumstances, he must be deemed to have waived the promise of *Lindley* in respect thereto.

Nor do the alleged facts that the estate of the intestate is solvent, and the debts nearly all paid, leaving funds in the hands of the administrator for distribution, alter the case. If the appellant's claim against the estate is a just one, no reason is shown why it was not filed in proper time, and steps taken to procure its allowance by the court, before it was barred by the statute of limitations; or, if it is true, as is alleged in the answer, that he holds the written promise

of the decedent, made in his life time, for its payment, he may not yet be barred from its recovery. But the fact that he has slept upon his rights until the claim has become a stale one, does not give him any claim upon the equity powers of the court. We think the court did right in sustaining the demurrer to the answer.

The judgment is affirmed, with costs.

*N. R. Linsday* and *J. A. Lewis*, for appellant.

*R. Vaile* and *J. T. Cox*, for appellee.