# WILLIAM WISDOM *et al.*

## *v.*

# CORNELIA D. BECKER, Administratrix, etc.

1. PLEA OF FRAUD—*in the consideration of a note.* In an action upon a promissory note, the defendant averred in a special plea that the note was given for a leasehold estate, to which the plaintiff falsely and fraudulently represented he held title, and that all taxes were paid, and that the defendant was obliged to surrender the premises. The plea was bad, as it did not aver that defendant had not enjoyed the benefit of the term, or that the plaintiff did not subsequently acquire title to the same. For aught that appeared, the surrender may have been on the last day of the term, or to a person not entitled to the premises.

2. The plea was defective also in not stating the manner in which or why the title failed.

3. A plea of fraud, to be sufficient, must aver that the defendant relied upon the fraudulent representations.

4. PLEA OF FAILURE OF CONSIDERATION. A plea in an action upon a note, which avers that the note was given in consideration of a leasehold estate purchased by the defendant from the plaintiff, to which the latter had no title, is not good as a plea of failure of consideration, in the absence of an averment that the defendant did not enter upon and enjoy the term.

5. EXECUTORS — *where a part fail to qualify—power of those who do.* Where a will confers power upon two executors to lease lands, and one of them fails to qualify, and the other does qualify, the power vests in the latter to execute the lease.

6. ADMINISTRATION OF ESTATES — *acceptance by an executor of a draft drawn by a distributee of the estate.* Where an executor accepts a draft drawn upon him by a distributee of the estate, even though the acceptor has money in his hands, in his fiduciary capacity, belonging to the drawer, the estate will not be bound by the acceptance, but only the executor individually.

7. SAME—*when distribution can be enforced.* Payment of the distributive shares of heirs in an estate can not be enforced until there has been an order for the purpose made by the probate court, and the distributee has executed a bond to refund the money, if necessary, to pay debts owing by the estate.

8. SET OFF. The individual indebtedness of an executor or administrator can not be set off against a debt due the estate.

Appeal from the Superior Court of Chicago.

This was an action of assumpsit, brought in the court below, by Cornelia D. Becker, as surviving administratrix of Vroman Becker, deceased, upon a promissory note, against William Wisdom and Robert H. Wisdom. The pleadings upon which the questions in the case arise are set forth in the opinion of the court.

Mr. S. K. Dow, for the appellants.

Messrs. Hutchinson & Luff, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, on a promissory note, against appellants, in the superior court of Chicago. The declaration contained three counts; one, special on the note, and the others, common counts. Appellants filed the general issue, and seven special pleas. Appellee filed a general demurrer to all but the first, which was sustained, and a trial was had before a jury, resulting in a verdict in favor of plaintiff. A motion for a new trial was entered, but was overruled by the court, and judgment rendered on the verdict, from which defendants appeal to this court; and urge reversal because the court sustained the demurrer to these pleas.

Appellants insist that the demurrer, inasmuch as it was several, should have been overruled to any one of the pleas if it presented a defense to the action. They also insist, that the pleas were all sufficient. The second plea averred that appellants had purchased a lease from appellee, and her co-administrator, which was owned by their intestate, on a lot in Chicago; that they, as administrators, represented that they held the title to the term and all taxes were paid; that they, in fact, did not own the term, nor were all taxes paid, which they knew, and that the representations were falsely and

fraudulently made, and that the leasehold estate, with the personal property, was the only consideration of the note ; that relying on the representations, they executed the note, for the term, the buildings, machinery and personal property.

This plea is clearly bad. It nowhere avers that appellants had not enjoyed the benefit of the term, or that appellee had not subsequently procured the title to the term, or that they had been or could be in the least damnified. It is true, it is averred that they were obliged to surrender the premises, but when, or to whom, is not stated. For aught that appears, they may have only surrendered on the last day of the term. Or they may have surrendered to a person not entitled to receive the premises. They do not aver that they were evicted from the premises before the lease expired, or at any other time. Again, it avers, in the conclusion, that the note was given for the term, buildings, machinery and personal property.

There is no averment that there was any false representations as to the buildings, machinery, or personal property, or that such articles did not constitute the principal part of the consideration. The plea is defective in not stating the manner in which or why the title failed.

The third plea avers that the note, with others, was given to appellee and her co-administrator as a part consideration for the purchase of an unexpired lease on a lot in Chicago, which term was created by a lease from Ann Peck, executrix, as a trustee, with one John M. Underwood, of Azael Peck, deceased, to one George Sloat, which lease was regularly assigned to appellee's intestate, with certain buildings, and a lot of machinery and personal property, which term and property were appraised and sold by appellee and her co-administrator for $12,000 ; that the term was valued and sold to appellants for $2500 " bonus, " a part of the $12,000 ; that the term was illegal, null and voidable in this, that said Ann Peck executed the lease alone, and in contravention of the will creating the trust, and without the consent of Underwood, a co-trustee with her; that appellee and her co-administrator

fraudulently represented that the title to the property belonged to the estate of their intestate, and they had good right to sell the same, whereas the estate had no title thereto ; that the property before described was the sole consideration for the note.

The plea avers that the consideration of the note had failed. This plea fails to aver that appellants relied upon the representations claimed to be fraudulent, and hence it is not sufficient as a plea of fraud. It nowhere is averred that appellants did not enter upon and enjoy the full term ; and if they did, then the consideration did not fail. For the want of such an averment, this was not sufficient as a plea of failure of consideration. The fourth plea was entered to present the defense of a partial failure of consideration. This plea presents substantially the same facts as those set up in the third. It, however, fails to aver to whom or when they were obliged to surrender the possession. And the averment that the taxes were not paid as represented, could not constitute a defense unless injury had resulted therefrom, and there is no averment that it had. They may have surrendered to a wrong person, or at the end of the term, from anything appearing in the plea.

The fifth plea avers that the title to the leasehold estate arose by the granting of a term by Ann Peck, sole executrix of Azael Peck ; that he, by his will, appointed her and one John M. Underwood, executors, and that Underwood failed to qualify as such, and that she alone qualified and made the lease without having a trustee appointed in the place of Underwood ; that the lease was regularly transferred to appellee's intestate, and that she and her co-administrator represented that they had title, and sold the term to appellants, and for which they gave the note, and that the consideration of the note had failed. According to the averments of this plea, appellee's title to the term was good. If Azael Peck, by his will, conferred power on his executors to lease the premises, and one of them failed to qualify, and the other did, the power vested in the latter

to execute the lease. *Clinefelter* v. *Ayres*, 16 Ill. 330, and *Wardell* v. *McDowell,* 31 Ill. 364. Nor does this plea aver that appellants did not occupy the premises under the assignment of the term to them.

The sixth is a plea of set-off. It avers that appellee was indebted to appellants in the sum of $1000 ; that John W. Becker drew a sight draft on appellee in favor of appellants for $850, on the thirty-first of October, 1866, which they presented to her for payment; that she had $1000 in her hands as a portion of the distributive share of Becker, as an heir, and that she accepted the same, and they receipted to Becker for that amount. A copy of the draft is set out in the plea, but no acceptance given.

But even if she accepted the draft, it only bound her personally, and not the estate. Payment of the distributive shares of heirs in the estate can not be enforced until there has been an order for the purpose made by the probate court, and the distributee has executed a bond to refund the money, if necessary, to pay debts due from the estate. See section 165, Statute of Wills (Gross' comp.)

A compliance with these requirements of the law is not averred. If liable at all, she was personally so, and the individual indebtedness of an executor or administrator can not be set off against a debt due the estate.

. The same objections apply to the seventh plea, as to the fourth and fifth. It avers that the title to the term was voidable and defeasible, but it fails to aver that it was avoided. Nor does it aver that the estate was ever terminated by the defeasance.

The eighth plea avers that John W. Becker was indebted to appellants in the sum of $850, and appellee was, as administratrix, indebted to him in the sum of $1000, for his share as an heir of the estate, being a dividend in her possession ready to be paid to him; that it was agreed by appellee, as administratrix, and appellants and Becker, that appellants

should abandon their claim against him, and he should relinquish his claim against her to the amount of $850, and appellee should pay appellants that sum in lieu of paying him ; that appellants receipted to Becker for their claim against him.

If appellee became liable by this arrangement, it was personal, and did not bind the estate. We have seen that Becker could not compel appellee to pay him his distributive share of the estate without an order of the probate court. This, like the sixth plea, is an effort to set off a liability, if one exists, of the administratrix individually, against a debt owing by appellants. This, we have seen, can not be done. Again, there is no averment in the plea that Becker had executed a refunding bond to appellee.

For the reasons given, we are of the opinion that the special pleas were severally insufficient, and the demurrer was properly sustained, and the judgment of the court below must be affirmed.

*Judgment affirmed.*