### SHAFER *v.* BRONENBERG ET AL.

PLEADING.—*Party in Interest.*—Where in a complaint on a promissory note it is alleged that the note was indorsed to the plaintiff, an answer alleging that the plaintiff is not the real party in interest amounts to nothing; nor does an allegation that the payee of the note sold and assigned it to the plaintiff and certain other persons, meet the allegation that it was indorsed to the plaintiff.

NEW TRIAL.—*Motion.*—That the court erroneously sustained a motion to strike out certain pleadings, is not a cause for a new trial.

APPEAL from the Madison Circuit Court.

DOWNEY, J.—This was an action by the appellees, as the indorsees of one Noland, the payee, against the appellant, as the maker of a promissory note, a copy of which is filed with the complaint. The appellant answered in nine paragraphs. The fourth and fifth were stricken out on motion of the plaintiffs. Demurrers were sustained to the first, seventh, and ninth paragraphs. There was a reply by general denial to the other paragraphs. The issues were tried by the court, there was a finding for the plaintiffs, a motion for a new trial, made by the defendant, was overruled, and there was final judgment for the plaintiffs.

Three errors are assigned by the appellant in this court. 1. The striking out of the fourth and fifth paragraphs of the answer. 2. The sustaining of the demurrer to the first, seventh, and ninth paragraphs of the answer. 3. The refusal to grant a new trial.

It is conceded by counsel for the appellant that the same facts set up in the fourth and fifth paragraphs of the answer were admitted under the third paragraph, and that the striking out of the fourth and fifth, if an error, was one which did not harm the appellant. We need not, therefore, examine that error, if an error it was.

The first, seventh, and ninth paragraphs of the answer set up, in substance, that the plaintiffs are not the real parties in interest, and allege that the note is the property of the plaintiffs and certain other persons, including the defendant,

all of whom are residents of Madison county; that Noland, the payee of the note, for a valuable consideration, befóre the commencement of this suit, sold and assigned said note to all the persons named, jointly; and that each and all of said persons are of full age, more than twenty-one years old, of sound mind, have no guardian, and need none.

The complaint alleges an indorsement of the note by Noland to the appellees, and the legal effect of the indorsement was to vest the ownership of the note in them, and these paragraphs do not properly controvert that fact. The allegation, that the plaintiffs were not the real parties in interest, amounts to nothing in opposition to the admitted fact that the note was indorsed to them. The allegation that Noland sold and assigned the note to all the persons named does not meet the allegation that it was indorsed to the plaintiffs. It may have been indorsed to the plaintiffs and afterward sold and assigned to the other persons. Examine the following cases on this subject: Lamson v. Falls, 6 Ind. 309; Swift v. Ellsworth, 10 Ind. 205; Garrison v. Clark, 11 Ind. 369; Elder v. Smith, 16 Ind. 466. Had the defendant denied the indorsement of the note to the plaintiffs, had he alleged the sale and assignment of the note to such other persons before the indorsement to the plaintiffs, or had he pleaded in proper form the non-joinder of the parties interested jointly with the plaintiffs, as indorsees of the note, the question might have been different.

The reasons for a new trial as contained in the written motion, are: Excessive damages. 2. The recovery was for too great an amount. 3. The decision of the court is not sustained by sufficient evidence. 4. The finding is contrary to law. 5. Because the court sustained the motion to strike out the fourth and fifth paragraphs of the answer. 6. Because the court erred in admitting illegal evidence in this cause, over the objection of the defendant, in this, that he admitted John Davis as a witness to give his opinion in relation to a certain indictment non-prossed against Henry V. Clinton, and in permitting said witness to give his opinion,

that a certain suit then pending in the Madison court of common pleas against said Henry V. Clinton and the defendant to this action, Berryman Shafer, could have been sustained.

1 and 2. The amount of the note on which the action was brought is two thousand dollars. It is dated February 2d, 1868, at one day after date. The judgment was rendered on the 24th day of December, 1869, for twenty-two hundred and twenty dollars. The damages are not excessive.

3 and 4. We have read the evidence attentively, and find that upon the question mainly relied upon by the defendant, it was contradictory to such an extent as to forbid an interference with the result in the circuit court. The main question was, whether the consideration of the note was the abandonment of a prosecution for larceny against one Clinton, or whether it was the settlement and dismissal of a civil action against Clinton and the appellant. If the former was the consideration, then it is insisted by the defendant below, that the consideration of the note was illegal, and the note void, and this was one of the defences set up in the answer. Upon this point the evidence is directly contradictory.

5. The fifth reason why a new trial should have been granted is no cause for granting a new trial in any case. It relates to the pleadings, and not to the trial.

6. The evidence of Judge Davis, to the introduction of which objection was made, is as follows: " I had been Mr. Noland's counsel from the time the money is supposed to have been stolen. I investigated the case closely, to ascertain whether the case could be sustained, but was satisfied that it could not be sustained. But I was satisfied that there was evidence to support Noland's claim to the money and note deposited by Clinton with Noland." The defendant objected to the said statement, on the ground that it was giving the opinion of the witness, and that it was not pertinent to the issue in the cause. The question at issue was, whether the consideration of the note was the dismissal of the criminal prosecution, or whether it was the settlement of the civil

action.   We do not quite see how it could be material to the determination of this question whether the indictment or the civil action was well grounded or not, or could or could not have been sustained.   Should we hold that this evidence was improperly admitted with reference to that fact, it would still be left in the same uncertainty as it now is, whether the note was given as the consideration of the dismissal of the one action or the other.   We are inclined to regard the evidence as so far immaterial that it could not, whether improperly admitted or not, have the effect to change the result of the trial of the cause, or justify a reversal of the judgment.

The judgment is affirmed, with costs.

*W. R. Pierse, H. D. Thompson,* and *H. Craven,* for appellant.