----------o----------

## HARTE *v.* HOUCHIN, ADM'R.

DECEDENTS' ESTATES.—*Set-Off.*—In a suit by an administrator on a note executed to him for an indebtedness to the estate which he represents, which originated after the death of the intestate, the defendant cannot set off a debt due to him from the decedent in his lifetime.

PLEADING.—*Answer.*—*Party in Interest.*—To a complaint by an administrator as such on a promissory note made payable to him as administrator, it is not a sufficient answer that the note is not the property of the estate represented by the plaintiff, but his individual property.

From the Clay Circuit Court.

*C. C. Matson,* for appellant.

DOWNEY, J.—This action was brought by the appellee against the appellant and one Webster, on a joint promissory note made by the defendants to the plaintiff in his representative capacity. No account is taken of Webster in the progress of the cause. Harte answered, and as to him there was judgment for the plaintiff.

There are two questions properly presented by the assignment of errors, the sustaining of the demurrer of the plaintiff to the first, and the sustaining of his demurrer to the second paragraph of the defendant's answer. The first paragraph of the answer is as follows:

" That he executed the note sued upon, and that it was given

in consideration of personal property bought at the sale of the said decedent's personal property by the said administrator; and he says that at that time he held a claim against said decedent's estate, said claim arising out of the failure of the decedent to keep and perform a certain written contract, a copy of which is filed, by which the said decedent bound himself, for a full and valuable consideration, to furnish to the defendant certain shingle timber sufficient to make seven hundred and fifty thousand shingles; that the said decedent failed to furnish timber sufficient to make seven hundred and fifty thousand shingles, and only furnished sufficient to make five hundred and fifty thousand shingles; and that at the time of the execution of said note sued on, said defendant had not finished cutting the timber for said shingles, and did not know to what extent said decedent had failed to comply with his contract, and that there was a verbal agreement between said administrator and said defendant to the effect that any amount found due the defendant after the timber for said shingles was cut would be placed to his credit; the defendant says that by reason of the failure of the decedent to furnish the timber as he had contracted to do, the defendant was damaged in the sum of two hundred and fifty dollars. The defendant avers that the estate of said decedent is solvent, and he offers to set off a sufficient amount of his claim against the note and interest, and asks judgment for the remainder, with costs."

According to *Dayhuff* v. *Dayhuff's Adm'r*, 27 Ind. 158, the court committed no error in sustaining the demurrer to this paragraph of the answer.

The second paragraph of the answer is as follows:

"And the defendant says, for second paragraph of answer and by way of abatement, that the note sued upon is not the property of the estate of Henry Gladhill, but the property of said John L. Houchin in his individual right."

Nothing is said, in argument, in support of this paragraph of the answer. It is indicated on the face of the note that the note was made payable to the appellee as administrator. It is expressly averred in the complaint that it was given to

the plaintiff, who sues as administrator. Without controverting these allegations in any approved mode, the paragraph in question alleges that the note is not the property of the estate, but is the property of the plaintiff in his individual right. We do not think the paragraph can be sustained. It is in violation of the principle of law which governed in deciding the case of *Shafer* v. *Bronenberg,* 42 Ind. 89, and cases there cited. And see *Hereth* v. *Smith,* 33 Ind. 514.

The judgment is affirmed, with costs.