Carter *et al. v.* Compton *et al.,* Ex'rs.

No. 8736.

CARTER ET AL. *v.* COMPTON ET AL., EX'RS.

JUDGMENT.—*Set-Off.—Decedents' Estates.*—T. obtained a judgment of allowance against the estate of S. for the amount of a note. The executors of S. held a note of later date against T., who was insolvent, executed to them in their representative capacity, upon which they obtained judgment. T., having in the mean time assigned his judgment, as collateral security, to C., who had notice of all the facts, died.

*Held,* that the executors of S. might, on motion, obtain a set-off of the judgment held by them against the judgment of allowance made to T.

From the Clay Circuit Court.

*W. W. Carter* and *S. D. Coffey,* for appellants.

*G. A. Knight, C. H. Knight, I. M. Compton* and *S. M. Mc-Gregor,* for appellees.

NEWCOMB, C.—The appellees, as executors of the last will, etc., of Benjamin Shattuck, filed their written motion to set off a judgment they had obtained as such executors, in the Clay Circuit Court, against Jacob Thomas, in satisfaction of a judgment previously rendered against them as such executors, in the same court and in favor of said Thomas. The defendants to the motion were Jacob Thomas and the appellant Carter. During the pendency of the proceedings Thomas died, and his administrators were made defendants in his stead. Said administrators made no defence and were defaulted, but have joined in the assignment of errors in this court.

The court, after hearing the evidence, sustained the motion of the appellees and rendered judgment accordingly. The defendant Carter moved for a new trial, on the grounds that the finding was not sustained by sufficient evidence, and was contrary to law. This motion was overruled. The defendant excepted and has brought up the evidence by a bill of exceptions.

The errors assigned are:

1. That the motion does not state facts sufficient to constitute a cause of action.

2. That the court erred in overruling the motion of the appellant Carter for a new trial.

Carter *et al. v.* Compton *et al.,* Ex'rs.

3. That the court erred in setting off the judgment in favor of the executors of Shattuck against the judgment rendered in favor of Thomas.

The written motion contained a brief statement of the two judgments and of the notes on which they were respectively rendered, and averred that before the executors commenced suit on the note executed to them by Thomas, the latter assigned his judgment to the defendant Carter, as collateral security; that Carter took said assignment with full knowledge of Thomas' indebtedness to said executors, and that the latter were about to bring an action thereon, and that the estate of Shattuck was solvent, but that Thomas, at the time of the assignment of the judgment and at the filing of said motion, was insolvent. If the appellees were entitled to have one judgment set off against the other, the written motion was a sufficient cause of action; but, as all the facts appear in the evidence, we will confine our discussion to the law arising upon the facts, none of which are controverted. Briefly, the facts are as follows:

On December 24th, 1864, the decedent, Shattuck, and H. L. Ashley, executed their note to Thomas, payable one year after date, for $300. In May, 1878, Thomas brought suit on said note, and obtained judgment for $308 thereon, January 25th, 1879, against said executors only, to be paid out of the assets in their hands to be administered.. Ashley had been discharged in bankruptcy, and there was no judgment against him. This judgment was assigned to Carter, March 3d, 1879.

January 1st, 1876, Thomas executed his note to said executors, in their representative character, for $253, due one year after date. Suit was commenced on this note August 16th, 1879, and judgment was rendered thereon in favor of said executors, November 6th, 1879. The motion of set-off was filed two days after the entry of said judgment.

In addition to the record evidence, it was admitted on the trial by the defendant Carter, that, at the time of the assignment of said judgment to him by Thomas, said executors,

Compton and McDougal, had no notice of said assignment; that at the time Carter took said assignment he knew that said executors held the note against Thomas, on which they subsequently recovered said judgment; that Carter held said assigned judgment as collateral security only; that the estate of said Shattuck was perfectly solvent, and that said Thomas was at the time of said assignment, and still was, wholly insolvent.

Two grounds for a reversal are urged by the appellants, namely:

1. That Carter having taken the assignment of the judgment against the executors before they reduced Thomas' note to judgment, he holds the judgment freed from the claim of the executors against Thomas.

2. That owing to a want of mutuality the judgments were not subject to be set off one against the other.

There is nothing in the first point. Carter was a purchaser with notice of the equities of the executors, and for that reason alone would stand in no better attitude than his assignor.

On the ground of a want of mutuality, it is objected that as one note was payable by the decedent, and the other to his executors as such, there was such an absence of mutuality that in a suit upon one of the notes the other could not be pleaded as a set-off.

Grant this and it does not follow that, when both debts have been reduced to judgment, the executors being judgment creditors in the one case and defendants in the other, each in the representative capacity, a want of mutuality still exists. On the contrary the judgments are mutual in their character. In Waterman on Set-Off, section 344, it is said: "Demands which in their nature can not be made the subject of set-off—such as demands arising upon personal torts—as soon as they are put into judgment, are placed upon the same legal footing as all other judgments, irrespective of the nature of the action in which they were recovered; or, in other words, all the peculiar features which may have characterized a claim, whether

privilege or disability, are at once lost sight of and merged
when judgment is perfected on it, and the demand takes rank
equally among all other judgments."

But it is insisted that there can be no set-off of judgments
in any case where representatives of a decedent are plaintiffs
in one and defendants in the other judgment, and we are re-
ferred as authority for this proposition to *Dayhuff* v. *Dayhuff's*
*Adm'r*, 27 Ind. 158; *Harte* v. *Houchin*, 50 Ind. 327; *Welborn*
v. *Coon*, 57 Ind. 270; and *Convery* v. *Langdon*, 66 Ind. 311.

The above were cases in which administrators were plain-
tiffs and the mutual debts had not existed at the death of the
decedent. It was held, therefore, that claims that were not
mutual could not be set off in such actions. There are obvi-
ous reasons for this rule. To allow a set-off to a debtor of an
indebtedness that did not exist at the time of the death of the
decedent, or to permit a liability incurred by the personal
representative to be pleaded as a set-off to a debt due the de-
cedent in his lifetime, would, in the language of the court in
*Granger's Adm'r* v. *Granger*, 6 Ohio, 35, cited approvingly in
*Convery* v. *Langdon*, "change the course of distribution of
intestate estates."

The law provides how debts of solvent estates shall be
paid, and provides for the distribution of the assets of insol-
vent estates, so a creditor of an estate is under no necessity
of seeking a set-off. The theory of the appellants is that an
executor has no remedy against an insolvent debtor of the
estate who is also a creditor, but must pay the debt against
the estate to the insolvent debtor or his assignee, while the
latter is protected by the convenient fiction of a want of mu-
tuality from having the judgments set off against each other.

But this doctrine of mutuality is not permitted to work in-
justice. Thus, in *Brewer* v. *Norcross*, 17 N. J. Eq. 219, it is
said: "Wherever it is necessary to effect a clear equity, or
to prevent irremediable injustice, the set-off will be allowed,
though the debts are not mutual. * * In cases of insolvency,
or of joint credit given on account of individual indebtedness,

or where the joint debt is a mere security for the separate debt of the principal, the equity is obvious and the set-off will be allowed." The chancellor cites, in support of the text: *Vulliamy* v. *Noble*, 3 Meriv. 593; *Dale* v. *Cooke*, 4 Johns. Ch. 11; *Blake* v. *Langdon*, 19 Vt. 485; 2 Story Eq. Juris., sec. 1437; *Receivers* v. *Paterson Gas Light Co.*, 3 Zab. 283.

This court announced the same doctrine in *Keightley* v. *Walls*, 27 Ind. 384. See also *Lindsay* v. *Jackson*, 2 Paige, 581.

The record in the case at bar shows that Thomas was insolvent before and at the time when the motion to offset the two judgments was filed, and the equity jurisdiction of the court to grant the relief asked was clear.

There is no error in the record and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellants.