## RIGHTS OF A DECEDENT'S ESTATE IN A LIQUIDATING LOAN COMPANY.

Circuit Court of Cuyahoga County.

GEORGE W. DOWNER, ADMINISTRATOR OF THE ESTATE OF R. N. POLLOCK, DECEASED, v. THE STATE SAVINGS & LOAN CO. ET AL.

Decided, June, 1905.

*Executors and Administrators—Set-off.*

Where property of a decedent has come into one's possession after the death of the decedent, no right of set-off exists in favor of that person, as against the personal representative.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This case is here upon appeal and was heard upon demurrer to the answer ·of the defendant loan company.

The petition alleges that plaintiff is the duly appointed and acting administrator with the will annexed of Robert N. Pollock, deceased, who died in May, 1901; that at the time of his death said Pollock was the owner of ten shares of the capital stock of the defendant loan company, of the par value of $100 each, the certificates for which said shares came into the possession of plaintiff and are now held by him as such administrator; that in July, 1902, subsequent to the death of said Pollock, said loan company went into voluntary liquidation and after paying all its debts and liabilities there remains in the hands of its liquidating trustees, who are made defendants in the action, assets of the corporation sufficient to pay its stockholders from eighty to ninety per cent. of the par value of their stock; that distribution of such assets has been made by said trustees to all other stockholders, but that they refuse to pay plaintiff his distributive share on account of said ten shares held by him, though requested.

The prayer of the petition is for an accounting and for judgment for the amount found due plaintiff on said shares.

A joint answer is filed by the defendant loan company and its liquidating trustees, which substantially admits all the al-

legations of the petition, but pleads, as an off-set to plaintiff's claim, an indebtedness of said R. N. Pollock in the sum of $5,000, which became due from him to the defendants December, 1900, some five months before Pollock's death. It is further alleged that said claims were duly presented to plaintiff and allowed by him as valid claims against the estate of which he is administrator, but not paid by him; that the estate is insolvent and unless off-set of said claims is allowed against the claim of plaintiff, that defendants will be entirely defeated from collecting more than a nominal amount of said indebtedness.

To this answer, as stated, plaintiff demurred, and the only question for determination is whether the claim of defendants is of such character that they should be allowed to off-set it against plaintiff's claim.

Had the loan company gone into liquidation before Pollock's death so that in his lifetime a right accrued to him to demand and receive from said company in money his distributive share of its assets, it would seem that the company could have off-set his indebtedness to it and applied his distributive share upon said indebtedness. That not having occurred, what rights, if any, became fixed and determined upon Pollock's death?

On the one side it seems clear that title to Pollock's shares of stock passed to his administrator in trust for the benefit of his creditors, with the right and duty, on the part of the administrator to sell said shares, as provided in the statutes, i. e., convert the same into money, and distribute the proceeds thereof to the creditors of the estate.

On the other side the loan company, upon the allowance of its claim by the administrator, which was in no sense a preferred claim, became entitled to share, *pro rata*, in the assets of Pollock's estate.

Can the loan company, by any act of its own, change this course of distribution? It must be conceded that the administrator had no claim against the loan company amounting to a cause of action by virtue of the certificates of its stock to the defendants, the authorities are uniform that the debt of the decedent could not have been deducted from, or set-off against,

the purchase of the stock (*Dayhuff* v. *Dayhuff's Administrator*, 27 Ind., 158, and cases there cited). On page 160 of this case the judge delivering the opinion says:

"To allow a set-off in such cases would disturb the due course of administration and distribution of the estate."

The same proposition is made in all the cases cited and appears to be sufficient reason for the conclusions reached. Among the cases so cited is the case of *McDonald* v. *Black's Administrator*, 20 Ohio, 185, which is more in point as an authority, not only because it is a decision of our Supreme Court, but because the facts of the case are more nearly like the case at bar. The fourth paragraph of the syllabus reads:

"A party receiving property, part of the assets of an estate, can not when sued for it, set-off a debt due from the estate to him."

The action was brought by the administrator of Black to recover against McDonald one-third of the insurance money collected by him after Black's death on account of the loss of a steamboat which belonged in equal parts to Black, McDonald and another; McDonald received from the insurance company two-thirds of the amount, being his own and Black's shares, but refused to pay Black's share to his administrator, claiming that he had a right to set-off advances made by him for Black on the purchase of the boat and one-third of payments he had made for the boat's debts.

The judgment of the common pleas court allowing no set-off was affirmed. On page 196, Judge Ranney delivering the opinion and considering the claim for advances made for Black in the purchase of the boat, said:

"If McDonald advanced money for Black, Black became his debtor for the amount. If money had come to the hands of McDonald before the death of Black, the right to set-off might have existed. The moment Black died all his creditors had an equal right to a pro rata dividend of his property, upon which no liens existed; and it would be entirely inadmissible to hold that one creditor could get property into his hands belonging to the estate, and thus indirectly by an off-set obtain the full payment

of his debts, while others might receive but a part, or nothing at all.   No right of off-set existed in this case at the death of Black, and none could be acquired afterward by *a seizure upon the assets of the estate.*"

Judge Ranney's conception of McDonald's acts as a "seizure upon the assets of the estate," is applicable to the acts of the defendants in this case.   They had no right to take Pollock's stock from the administrator, sell it and apply the proceeds to Pollock's debt to them, nor can they accomplish the same result by indirection.

For error in overruling the demurrer to this answer, the judgment is reversed.