## ABRAHAM RICH *vs.* ALVAH R. HAYES, Admr.

### Kennebec.    Opinion March 29, 1906.

*Judgments. Set-Off. R. S., c. 84, § 77 ; c. 86, § 27.*

An administrator cannot offset against a judgment rendered upon a liability of the decedent another judgment on a claim with which the decedent has no connection in his lifetime purchased by the administrator with the funds of the estate for that purpose after the death of his intestate.

It is an established rule in courts of law if executors sue for a debt created to them since the testator's death, the defendant cannot set off a debt due to him from the testator. If the defendant could not set off in such a case neither could the executor, if he was the defendant, for the rule must be mutual.

It is provided by section 77 of chapter 84 of the Revised Statutes as follows : "In actions against executors, administrators, trustees or others in a representative capacity, they may set off such demands as those whom they represent might have set off in actions against them; but no demands, due to or from them in their own right, can be set off in such actions." The judgments which the defendant asks to have set off against the judgment in the case at bar were awarded to the defendant in his individual capacity, and by the express terms of the statute these judgments

could not have been set off against the plaintiff's note in suit before judgment and neither can the executions on these judgments be set off under the provisions of section 27 of chapter 86 of the Revised Statutes since the creditor in one is not the debtor in the other, "in the same capacity and trust."

See *Hayes, Admr.,* v. *Rich,* ante.

On report on motion by defendant to offset judgments. Motion denied.

Assumpsit on a promissory note for $3000 given to the plaintiff by the defendant's intestate. At the March term, 1901, of the Supreme Judicial Court, Kennebec County, the plaintiff obtained a verdict for $3180. This verdict was set aside by the Law Court. The action was again tried at the March term, 1903, of said S. J. Court, and the verdict was for the plaintiff for $2581.75. This verdict was likewise set aside by the Law Court. The action was again tried at the October term, 1904, of said S. J. Court, and the plaintiff recovered a verdict for $2093.25. A motion to set aside this last verdict was "overruled for want of prosecution" and the matter went to judgment in October, 1905. Thereupon a motion was made by the defendants to offset against this judgment, pro tanto, the judgments which might be rendered in favor of the defendant in two cases then pending in his name as administrator against the plaintiff. The case was then reported to the Law Court for decision on this motion to offset made by the defendant as aforesaid, with the stipulation that "the motion is to be determined as if all three actions were now ready to go to judgment." Therefore the only question in this case arises upon the aforesaid motion of the defendant to offset judgments.

This case is closely interwoven with the case *Hayes, Admr.,* v. *Rich,* reported on page 314 of this volume, and all the material facts fully appear in the two opinions.

Memorandum — One of the Justices sitting at the term of the Law Court at which this case was argued, did not sit in this case being disqualified under the statute by reason of having ruled therein at nisi prius.

*Williamson & Burleigh,* for plaintiff.

*George W. Heselton and Heath & Andrews,* for defendant.

SITTING : WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, JJ.

WHITEHOUSE, J. The question involved in this case arises upon the motion of the defendant to set off against the judgment recovered by the plaintiff in this case, two judgments recovered by the defendant against the plaintiff. The case comes to this court on report.

In October, 1904, the plaintiff obtained a verdict of $2093.25 against the defendant in his capacity as administrator de bonis non on the estate of Dingley Brothers. The action which terminated in this result was commenced April 9, 1900, on a note given by the plaintiff to Dingley Brothers in 1894 for $3000. A motion to set aside the verdict was overruled by the law court, and the case went to judgment in October 1905.

Thereupon a motion was made to offset against this judgment, pro tanto, the judgment which might be rendered in favor of the defendant Hayes in two cases then pending in his name as administrator against the plaintiff Rich. The first of these cases was an action of debt on a judgment for $708.65, recovered in 1899 by Albert Robbins against the defendant Rich.

It was alleged in the declaration that Feb. 10, 1900, Robbins for a valuable consideration assigned this judgment "to Alvah R. Hayes then the administrator de bonis of the Dingley Brothers estate." In support of this allegation the following instrument signed by Robbins was offered in evidence : For a valuable consideration, in a note of one hundred and fifty dollars payable to F. B. Dingley, admr. d. b. n. Dingley Bros.' estate, dated Feb. 1, 1899, to me this day surrendered by A. R. Hayes, admr. d. b. n. of same estate, I assign and transfer to said estate the within judgment debt with full power in my name but without expense to me to collect the same.

It is contended in behalf of the defendant that if the action is maintainable at all the plaintiff is not entitled to recover in his representative capacity as administrator of the estate of Dingley Brothers but only in his individual capacity. This question came before the court in *Hayes, Admr.,* v. *Rich,* 101 Maine, 314, and upon the reasons and authorities there adduced it was held that the plaintiff

was entitled to recover only in his individual capacity and judgment was entered accordingly.

The second case, *Hayes, Admr.,* v. *Rich,* was also an action of debt on a judgment. It appears that Rich commenced an action against Hayes, Admr., and became nonsuit. Judgment for costs was accordingly rendered in favor of Hayes for $378.97. It was held by the court that this judgment properly belonged to Hayes in his own right and that in this case also he was only entitled to recover in his individual name and capacity. *Hayes, Admr.,* v. *Rich,* 101 Maine, 314, supra.

It is provided by section 77 of chapter 84 of the revised statutes as follows : "In actions against executors, administrators, trustees or others in a representative capacity, they may set off such demands as those whom they represent might have set off in actions against them; but no demands, due to or from them in their own right, can be set off in such actions."

Inasmuch as it has been shown by the court in *Hayes, Admr.,* v. *Rich,* supra, that the two judgments there rendered in favor of Hayes properly belonged to him in his own right, and as the new judgments have accordingly been awarded to him in his individual capacity, it follows that by the express terms of the statute above quoted, these judgments could not have been set off against Rich's note in suit before judgment. Neither could the executions on these judgments be set off under the provisions of section 27 of chapter 86 of the revised statutes since the creditor in one is not debtor in the other "in the same capacity and trust." Indeed the right to set off judgments in this state is not derived from any express statutory regulations, but depends upon the general jurisdiction and power of the courts over suitors at common law; but if the right to set off, in the manner proposed, assigned claims that are not negotiable, was recognized as existing at common law, it is remarkable that the legislature should prohibit its exercise before judgment, when the set off could be made with at least equal convenience. It is no less significant that the provision for offsetting executions should be limited to cases where "the creditor in one is debtor in the other in the same capacity and trust"; for ordinarily the right of the court to set off judgments

can only be exercised when the executions could be set off under the statute. *Copper Co.* v. *Brown,* 46 Maine, 418. In this case it should be observed that the "assigned claim" was a negotiable promissory note.

In *Ames* v. *Bates,* 119 Mass. 397, the facts were strikingly similar to those at bar, and although the decision of the case turned upon another point, the following observations of the court are worthy of consideration: "If Ames had continued to be the owner of the judgment recovered in his name, it might well be questioned whether Bates should be permitted to set off against it the judgment recovered by him in the name of Freeman and another when he could not have set off the claims upon which the judgments were founded. The reason why a party is not permitted by the statute to set off such claims may fairly be presumed to be, that is not just that one should be encouraged instead of paying his own debt to seek out claims against his creditor in order thus to change the position of parties pendente lite, and this reason is equally applicable to judgments which may afterwards be obtained upon such claims."

In the case at bar it is true, the assigned judgment was not purchased pendente lite, but about two months before the commencement of the original suit of *Rich* v. *Hayes, Admr.* It is manifest, however, from the history of these transactions disclosed by the evidence that both Hayes and his predecessor in the administration of the estate apprehended the suit by Rich on his $3000 note, and having an opportunity to purchase the Robbins judgment at less than twenty cents on the dollar, obtained the assignment of it for the express purpose of claiming a set off, pro tanto, against the note in suit or any judgment that Rich might recover upon it.

It is undoubtedly true that the principle of mutuality is implied in the use of the word set off, and that it is not necessarily confined to a nominal mutuality indicated by the record but in some cases may be a real mutuality of the indebtedness of the parties at the time of the commencement of the suit. *Collins* v. *Campbell,* 97 Maine, 23, and cases cited.

But if it be conceded in the case at bar that the Robbins judgment was purchased by Hayes with funds belonging to the estate of Dingley

Brothers, and that the assignment although in terms made "to the estate" and not to any person, was procured for the purpose of vesting the title thereto in Hayes as the legal representative of the estate, and making it a part of the assets of the estate, still in a broader view of the precise question here presented, irrespective of the provisions of the statute, there appear to be convincing reasons and an overwhelming weight of authority in support of the plaintiff's contention that an administrator cannot offset against a judgment rendered upon a liability of the decedent another judgment on a claim with which the decedent had no connection in his lifetime, purchased by the administrator with the funds of the estate for that purpose, after the death of his intestate. Some of these reasons are stated and authorities cited in *Hayes, Admr.,* v. *Rich,* supra. The questions involved in the two cases are so blended or intimately connected, that the considerations controlling the decision of the one, will be found in most respects equally important in the other.

It is a self evident proposition in the first place that Hayes can certainly have no greater right to offset a judgment against Rich, purchased by him from a stranger after the death of Dingley Brothers, than he would to offset a judgment obtained by him, for instance, on an account for goods of the estate sold by him to Rich ; and since the essence of the doctrine of set off is its mutuality, it is equally axiomatic that if Rich could not offset against the Robbins judgment a debt due him from the estate, neither can Hayes set off a debt due him as administrator against a claim due Rich from the estate. It would obviously be immaterial whether the motion for a set off was made by Rich or Hayes. In *Dale, executor,* vs. *Cooke,* 4 Johns. Chancery 11, Chancellor Kent, speaking for the court, says : "It is an established rule in courts of law that if executors sue for a debt created to them since the testator's death, defendant cannot set off a debt due to him from the testator. I see no reason why the same rule should not prevail in equity. If the defendant could not set off in such a case neither could the executor, if he was the defendant, for the rule must be mutual."

See also *Dudley* v. *Griswold,* 2 Bradf. N. Y. 24 ; *Mead* v. *Merritt,* 2 Paige, 402, and *Root* v. *Taylor,* 20 Johns. 138.

Indeed this seems to be substantially a uniform rule in this country. In *Dayhuff* v. *Dayhuff*, 27 Ind. 158, the defendant sought to set off a claim due him against the administrator's claim against him for goods of the estate sold him; and although there was evidence that the administrator agreed to allow the set off as an inducement to the defendant to purchase the goods the court declared it to be a settled rule that in a suit by an administrator for a debt due the estate of the decedent originating after the death of the intestate the defendant cannot set off a debt due him from the intestate before his decease. In this case the suit was by the plaintiff in his representative capacity but this fact was held to be immaterial. The case was expressly affirmed in *Harte* v. *Houchin, Admr.*, 50 Ind. 327; *Miner* v. *Miner*, 8 Grattan, 1; *Cook* v. *Lovell*, 11 Iowa, 81; *Aiken* v. *Bridgman*, 37 Vt. 249; *Wisdom* v. *Becker*, 52 Ill. 342; *Lee* v. *Russell*, 18 Ky. Law, 951; *Grew, Executor*, v. *Burdette*, 9 Pick. 265; *Lamberton* v. *Freeman*, 16 N. H. 547; 25 A. & Eng. Ency. Law & Proc. 2 Ed. 534, and cases cited.

In 18 Cyc. of Law and Proc. 896, et seq. the rule upon this question is thus formulated: "Demands on which causes of action arise subsequent to decedents death are not proper subjects of set off against demands or causes of action arising in decedents lifetime because there is no mutuality of indebtedness between the parties."

On page 899 of the same volume is the following rule: "Claims against an estate purchased after decedent's death cannot be set off in an action against the purchaser thereof for a debt due the decedent, nor even on a debt created after the death of a decedent."

Both of these propositions are supported by numerous citations of authorities basing the rule for the most part upon considerations of sound public policy which require the estate to be settled as of the time of the decease of the intestate and forbid any alteration in the course of the distribution of the assets. See also *Irons* v. *Irons*, 5 R. I. 264; *Union Natl. Bank* v. *Hicks*, 67 Wis. 189; *Bizzell* v. *Stone*, 12 Ark. 378. In the last named case the same rule was held to be settled both at law and in equity, and whether the estate be solvent or insolvent.

In like manner it appears to have been uniformly held by the

courts of England that if an administrator brings an action upon a debt created against the defendant after the death of the intestate or upon which the cause of action arose after that event, the defendant cannot set off a debt on which there was a cause of action in the lifetime of the intestate.    *Shipman* v. *Thompson,* Willes, 103 ; *Tegetmyer* v. *Lumley,* Willes, 264; *Watts* v. *Rees,* 9 Exch. 696.    Same case, 11 id 410.    *Lambard* v. *Elder,* 17 Beavan, 542.

As stated by the court in *Hayes, Admr.,* v. *Rich,* 101 Maine, "It appears that at the time Hayes purchased the Robbins judgment, Rich was hopelessly insolvent and had no available property with which to satisfy any judgment, except the note in suit in *Rich* v. *Hayes, Admr.*; while, on the other hand, there is no evidence that Robbins was not entirely solvent and able to pay the note for $150 which the plaintiff held against him.    It was the obvious duty of the plaintiff if acting for the interest of the estate which he represented, to collect this note in cash, and not invest it in a worthless judgment at twenty cents on the dollar."

Inasmuch as the attorneys for Rich have a common law lien upon the judgment which they have against Hayes personally for their costs of suit, it is not claimed that either of the judgments in *Hayes, Admr.,* v. *Rich,* can be offset against that; and upon the reasons and authorities above presented it is the opinion of the court that Hayes is not entitled to have either of his judgments offset against the judgment for $2093 in favor of Rich.    Judgment must accordingly be entered in favor of Rich for both damages and costs without the set off claimed.

*Motion denied.*