GOURLEY v. WALKER.

1. **Counter-claim**: DEBT DUE DEFENDANT AS EXECUTOR. One who is
sued upon a personal debt cannot plead as a counter-claim a debt which
the plaintiff owes him as the administrator of an estate.

*Appeal from Montgomery Circuit Court.*

SATURDAY, JUNE 12.

ACTION upon an account brought before a justice of the
peace. The defendant pleaded a general denial, and also a
counter-claim for money which the defendant alleged was due
him as executor of the estate of one Edward Walker, deceased.
The plaintiff moved to strike out the counter-claim. The
justice sustained the motion. The parties then proceeded to
trial upon the plaintiff's claim, and judgment was rendered
for the plaintiff. The defendant then sued out a writ of
error from the circuit court to test the correctness of the rul-
ing of the justice in sustaining the plaintiff's motion to
strike out the defendant's counter-claim, and the circuit court
held that the justice erred, and ordered that he overrule the
motion, and proceed to the trial of the case with the counter-
claim included. From the ruling of the circuit court hold-
ing that the justice erred in sustaining the plaintiff's motion
the plaintiff now appeals to this court.

*W. H. Redmon* and *W. S. Strawn*, for appellant.

*F. P. Greenlee*, for appellee.

ADAMS, CH. J.—In our opinion the circuit court erred.
The defendant, in pleading as a counter-claim the debt due
to his testator's estate, undertook to set off the debt due the
estate in discharge of his own liability. It is evident that
he cannot be allowed to discharge his liabilities in that way.
Any agreement which he might make for the discharge of

his liability in consideration of the discharge of the plaintiff's liability to the estate would not be valid. The plaintiff would remain liable to the estate. It has been held repeatedly that a partner has no power to apply firm assets in payment of his personal indebtedness, and that, having no such power, his attempt to do so does not affect the rights of the firm. Upon the same principle an executor lacks the power to release a debt due the estate upon any such consideration. An attempt to do so would be an attempt at maladministration, and would probably justify the court in removing him, and appointing another who would proceed to collect the debt notwithstanding the pretended release. If the rule were otherwise, it might become a favorite method for a person who should be a creditor of a person acting as an executor, and debtor to the estate, to seek to discharge his liability to the estate by a release of the claim due personally from the executor, and especially if the person acting as executor was not able to discharge all his personal liabilities. Now, if such claims cannot properly be used to satisfy each other, then one is not a proper counter-claim to the other.

REVERSED.