E. L. SANFORD, Assignee of the Bank of Commerce, Respondent, v. A. N. Foss *et al.*, Appellants.

St. Louis Court of Appeals, May 15, 1894.

**Set-Off:** CLAIMS DUE IN FIDUCIARY CAPACITY. A debt due an administrator in his fiduciary capacity can not be used by him to offset a debt due from him in his private capacity, at least until he has been charged with it in the final settlement of the trust.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*White & McCammon* for appellants.

Sanford v. Foss.

*John O'Day* and *O. H. Travers* for respondent.

A debt due one in a fiduciary capacity can not be set off against a demand due by him individually. *Gansner v. Franks*, 75 Mo. 64; *Hood v. Hayward*, 48 Hun, 225; *Gourley v. Walker*, 69 Iowa, 80; *Wisdom v. Becker*, 52 Ill. 342; *Blood v. Kane*, 52 Hun, 225.

BOND, J.—This is an action on a promissory note for $300, executed by defendants to the Bank of Commerce, and is brought by the assignee of that bank. Defendant Foss pleaded a set-off of $602, alleged to be due from plaintiff's assignor, and prayed judgment for the excess on the note in suit. Plaintiff replied to wit: "Now comes said plaintiff, and for reply to the separate answer of A. N. Foss denies each and every allegation in said answer contained; and for further reply plaintiff says defendant is not entitled to the relief sought for in said answer, for the reason that the sum therein mentioned as deposited in the Bank of Commerce was held by defendant Foss in a fiduciary capacity, and was not the individual funds of the said Foss, and is not a proper subject of set-off to the note sued on, the said note being for money borrowed by said Foss in an individual capacity. And for further reply, plaintiff says that on the —— day of —— 1893, the defendants herein presented the claim set up in the answer of the said Foss as an offset to the note sued on to E. L. Sanford, assignee of the Bank of Commerce, for allowance against the estate of the said Bank of Commerce, and the same was by the said Sanford duly allowed, and thereby became a judgment in favor of the defendant Foss against the estate of the said Bank of Commerce, and that defendants, having elected to pursue this course, are not entitled to

have said sum set off in this case against the note sued on.''

The case was tried by the court, a jury being waived, and judgment rendered for plaintiff for the note, and interest, sued upon, from which the present appeal is taken. The error assigned is the refusal of the court to allow the set-off claimed by defendants, and to give judgment for the excess thereof over plaintiff's demand.

The only evidence bearing on the nature of the demand, for which defendants claimed set-off and judgment, was the evidence of A. N. Foss, to wit:

"I had deposited in the Bank of Commerce, of which Mr. Sanford is assignee, in my name as administrator $603.82. This money belonged to different estates, was a general fund, and held by me simply as administrator. I did not have that much money on hand in any one estate. The note in question at that time was not due. The money on deposit was subject to call.''

It is apparent from these admissions that the money due defendant Foss was impressed with a trust character which it had not lost, as it is not shown that it was charged against him on final settlement of the estate of which he was administrator. The rule is that a debt due a guardian or administrator in his fiduciary capacity can not be offset by a debt due from him in his private capacity, at least before final settlement of his trust whereon he has been charged with the sum due him as guardian or administrator. *Gansner v. Franks*, 75 Mo. 64; *White v. Word*, 22 Ala. 442; *Gourley v. Walker*, 69 Iowa, 80; *Wisdom v. Becker, Adm'x*, 52 Ill. 342; Waterman on Set-Off, sec. 189.

As the judgment rendered upon the conceded facts was in accordance with this principle, it is unnecessary to discuss the declaration of law given on the trial.

The result is that the judgment was for the right party, and will be affirmed. Judge ROMBAUER concurs. Judge BIGGS is absent.