Henrietta E. Countiss, Appellee, v. Lawrence H. Whiting and Alfred McEwen, Appellants. Frederick D. Countiss et al., Appellees.

Gen. Nos. 40,735 and 41,097.

Opinion filed October 1, 1940.   Rehearing denied October 15, 1940.

WINSTON, STRAWN & SHAW, of Chicago, for appellants; JOHN D. BLACK, of Chicago, of counsel.

IRA W. HURLEY and HARRY G. FINS, both of Chicago, for certain appellee.

CAMERON, HEATH & BURRY, of Chicago, for certain other appellee; JOHN R. HEATH, of counsel.

GEORGE A. LANE *pro se* and for certain other appellees; GEORGE A. LANE and LEON LECOUR DROLET, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

April 27, 1926, Henrietta Eleanor Robinson of Greenwich, Connecticut, made a written agreement with Whiting and McEwen, as trustees, conveying to them 1649 shares of stock of the Ox Fibre Brush Company, a corporation. By its terms the trust was to last 10 years and the stock was to be returned to the donor at the end of that period if she survived thus long. If the donor

died within the period, the income from the trust estate after her death was to be paid in equal proportions to four daughters of the donor, Margaret McEwen, Frances McEwen, Laura Evans and Eleanor Whiting. In case of the death of any of these while entitled to income under the trust, the income payable to such daughter during the remainder of the period [it was provided] should be paid to the "lawful heirs" of such deceased daughter. At the expiration of the period it was provided the trust estate should be divided equally between the four daughters, or in case of the death of any one of them, the part she would have taken had she been living [it was provided] should be paid to her "lawful heirs."

The donor died within the 10-year period. Her daughter, Eleanor Whiting, the wife of Lawrence H. Whiting, thereby became entitled to one-fourth of the income from the trust estate. Eleanor Whiting died within the period leaving her surviving her daughter, Henrietta Countiss, the plaintiff, Frederick Countiss, her son, Barbara Whiting, a daughter, and Lawrence H. Whiting, Jr., a son, and her husband, Lawrence H. Whiting.

January 14, 1936, plaintiff sued claiming that she was entitled to one-sixteenth of the income from the trust, which the trustees refused to pay to her. She made defendants the trustees, her brother Frederick Countiss, Barbara Whiting her sister of the half-blood and her brother of the half-blood, Lawrence H. Whiting, Jr. Barbara and Lawrence H. Whiting, Jr., minors, submitted their interests to the protection of the court. Frederick Countiss answered admitting the allegations of the bill and praying his answer might be taken as a cross-bill. The trustees answered averring that Lawrence H. Whiting, surviving husband of Eleanor Whiting, with the four children was a "lawful heir" of his deceased wife Eleanor, and that he was

therefore entitled to a one-twentieth part of the income of the estate.

In paragraph 15 of the answer the trustees averred that Lawrence H. Whiting was not only an heir of his deceased wife but executor of her estate and by way of counterclaim set up that plaintiff, without his knowledge or consent, had taken property of the estate which would render him liable in case it was not returned; that the value of the property thus taken exceeded any amount due plaintiff on any theory of the case, and that plaintiff was therefore not entitled to maintain the suit until she should have returned this property. On plaintiff's motion the counterclaim was stricken, together with the paragraph of the answer asserting that Lawrence H. Whiting was a "lawful heir" of his deceased wife.

An amended answer was filed averring for a second time that Lawrence H. Whiting was an heir and plaintiff was precluded by this counterclaim. October 27, 1938, the counterclaim was dismissed and from that order the trustees appeal. The appeal is No. 40,735. Thereafter, the trustees filed their report. Plaintiff and others filed objections to it and August 16, 1939, a decree was entered adjudging that Lawrence H. Whiting was not an heir of his wife Eleanor within the meaning of the trust agreement; that $4,328.39 had been wrongfully paid to him by the trustees on the theory he was her heir and that he should repay the sum with interest; that the trustees had waived compensation for their services, etc. From this decree the trustees appeal and their appeal is No. 41,097. These appeals have been consolidated for hearing.

The trustees say the order dismissing the counterclaim was final and that its effect was to terminate the right of Lawrence H. Whiting to recover on the matter set up in the counterclaim. Section 77 of the Civil Practice Act (Smith-Hurd Anno. Stats., ch. 110, par.

201, p. 195 [Jones Ill. Stats. Ann. 104.077]) is cited. It is said the dismissal of the counterclaim finally determines that Lawrence H. Whiting has no cause of action against plaintiff. This is not true. The claim set up is not in favor of Whiting but of the estate of which he is executor. It is said this may on certain contingencies become a personal claim by him. The order is final only in the sense that it prevents the presentation of this counterclaim on the merits in this suit. The order of dismissal does not purport to adjudicate the claim on the merits. The motion to dismiss was made and allowed on the theory that the counterclaim could not be presented in the instant suit, and that it should have been presented in another forum, namely, the probate court of Cook county. This will not prevent a future trial on the merits. The counterclaim as to form was properly pleaded (§ 33 [2] of the Civil Practice Act [Jones Ill. Stats. Ann. 104.033]) but the nature of it was such as to preclude an adjudication on the merits in this case. It could not be tried in this suit because it purported to state a claim in behalf of Lawrence H. Whiting as executor of the estate of Eleanor Whiting. It also purports to state a possible future contingent claim by Lawrence H. Whiting personally.

The counterclaim as stated is very indefinite and uncertain. If the motion to dismiss had been made on that ground it might well have been allowed for that reason. This ground was not presented in the motion but is pointed out in the argument. The trustees contend the counterclaim was allowable under § 38 of the Civil Practice Act. (Smith-Hurd Anno. Stats., ch. 110, par. 162 [Jones Ill. Stats. Ann. 104.038]). This section is sweeping in its character and has made many former decisions as to counterclaims inapplicable. However, there remains notwithstanding the statute at least one limitation. The counterclaim must be a personal liability between parties to the suit. This counterclaim

is not between parties to the suit, or if we regard it as between parties, it sets up merely a possible future contingent liability. While the following cases do not construe § 38, the principles of law necessarily involved in the construction are therein illustrated. *McCully v. Silverburgh,* 18 Ill. 306; *Wisdom v. Becker,* 52 Ill. 342; *Gourley v. Walker,* 69 Ia. 80, 28 N. W. 444; *Devore v. Devore,* 138 Mo. 181, 39 S. W. 68; *White v. Word,* 22 Ala. 442; *Lanier v. Brunson,* 21 S. C. 41. At any rate, under § 38 of the Civil Practice Act something must be left to the discretion of the court. We hold the court did not err in dismissing the counterclaim.

In appeal No. 41,097, the important question for decision is whether within the meaning of the Robinson trust Lawrence H. Whiting is a ''lawful heir'' of his deceased wife, Eleanor, and therefore a beneficiary of the trust. By its rulings in the settlement of the accounts of the trustees, and finally by the terms of the decree entered, the court held Whiting was not such ''lawful heir.'' That determination is challenged. It is said the question ''is purely one of definition of the term 'lawful heirs' unexplained by the context''; that construction of a will is not involved; that the trust agreement granted no power of appointment to the daughters of the donor; that it merely declares a description of a class of beneficiaries to be determined by reference to the Statute of Descent. Reliance is placed on paragraph 4 of § 1 (Smith-Hurd Anno. Stats. ch. 39 [Jones Ill. Stats. Ann. 110.193]) which provides in substance that when there is a surviving husband and also a child or children of the intestate, the husband shall receive one-third of the personal estate and in lieu of dower one-third of the real estate in which he shall waive his right of dower. The statute also provides the methods by which this right of dower may be waived by the husband.

When, as here, the word ''heir'' or ''heirs'' is unexplained or uncontrolled by the context, the words are

interpreted according to their strict technical import. When so interpreted the word "heir" designates "the person or persons appointed by law to succeed to the real estate in case of intestacy." (2 Jarman on Wills, 5th American Ed., p. 585.) The trustees say that under the statute Mr. Whiting is the "heir" because by law he is appointed to succeed to the property of his wife's estate upon her death. This is also said to be the law of the State in which the donor resided at the time she made the trust agreement. *Beach v. Meriden Trust & Safe Deposit Co.,* 98 Conn. 821, 120 Atl. 607, 608; *Hartford-Connecticut Trust Co. v. Lawrence,* 106 Conn. 178, 138 Atl. 159–161.

In Illinois the language of some of the opinions is conflicting as in *Richards v. Miller,* 62 Ill. 417, quoted with approval in *Alexander v. Northwestern Masonic Aid Ass'n,* 126 Ill. 558, where it was said the word "heirs" unexplained by the context "will be held to mean the persons appointed by law to succeed to the estate in case of intestacy," while at p. 424 of the same opinion it states "the word heir, when uncontrolled by the context, designates the person appointed by law to succeed to the *real estate* in question in case of intestacy." The language in *People v. Emery,* 314 Ill. 220, and *Suiter v. Suiter,* 323 Ill. 519, also may be construed to mean that he who succeeds to the property or he who takes by virtue of the statute is heir. Other decisions make such interpretation impossible as in *Gauch v. St. Louis Mut. Life Ins. Co.,* 88 Ill. 251, where it was held that a surviving wife as against surviving children could not take any part of a life insurance policy on the husband's life, payable to his heirs-at-law. The court there said: "We know of no respectable authority, and venture there is none, holding that one entitled to dower or an interest in the nature of dower, or any allowance of personal property only, because of the survivorship of the husband or wife, is held to be included within the legal definition of 'heir.' "

In *Braidwood v. Charles,* 327 Ill. 500, decided in 1927, where the wife died intestate leaving two children by a former marriage and a husband, who died a few days after her death without filing an election to waive or take dower, leaving as his sole heir a son by a former marriage, it was urged the husband was an heir under paragraph 4 of § 1 of the Descent Act. However, the Supreme Court said: "Appellant cannot revive an extinct life estate, convert it into a fee simple interest and inherit the latter."

In *Rolofson v. Rolofson,* 246 Ill. App. 305, the precise question seems to have been presented. The question there was whether Mrs. Rolofson, the surviving wife of John Rolofson, was one of his heirs within the meaning of the words used in a will. There was a surviving child and it was contended under paragraph 4 of the section the widow was an heir of her deceased husband. This was decided after the 1923 amendment to the statute. The husband died December 9, 1923, after the effective date of the amendment. (Laws of Illinois 1923, p. 325.) The court held the widow was not an heir saying:

"We are unable to escape the conclusion that when the term 'heir' is used in its technical sense, it does not include the surviving wife or husband, except when the facts of the case come under clause three of section one of the chapter entitled 'Descent,' Cahill's St. ch. 39, ¶ 1, providing for the widow or surviving husband when there is no child or children or descendants of a child or children of the intestate."

This case seems to be precisely in point. In conformity with it and other cases cited we think it must be held that Lawrence H. Whiting was not entitled to a share in the income from this trust.

It is further contended by the trustees that in the absence of a charge of lack of good faith or charge that they took any action not believed by them to be within their discretion or power, and in the absence of any

charge of wilful default by them, they are not liable in this action. They rely on paragraph 9 of the trust agreement, which provides: "The Trustees shall not be liable for any action taken by them in good faith and believed by them to be within the discretion or power conferred upon them by this agreement, nor for any loss unless the same shall happen through their own wilful default." It is contended it was held in *Burns v. Hines*, 298 Ill. App. 563, that there was no liability under such a provision. We hold a trustee who pays to himself funds due to other beneficiaries of the trust is not rendered exempt from action by such a provision. See Restatement of the Law of Trusts, § 222 (2); Scott on Trusts, Vol. 2, pp. 1174ff, §§ 222, 222.3. We also think the court properly held the trustees by their conduct waived payment of fees for services, and that the trial court did not err in limiting to $1,500 the amount of compensation allowed to the attorneys for the trustees.

The order dismissing the counterclaim and also the decree on the merits will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.