(No. 31864

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Exr., *vs.* ART INSTITUTE OF CHICAGO *et al.,* Appellees.—(SHRINERS HOSPITALS FOR CRIPPLED CHILDREN *et al.,* Appellants.)

*Opinion filed May 24, 1951—Rehearing denied September 17, 1951.*

WALTER F. BOYE, of Chicago, and PAUL FARTHING, of Belleville, for appellant Shriners Hospitals for Crippled Children; B. G. CLANTON, of Chicago, (ROBERT P. SMITH, of Washington, D. C., of counsel,) for appellant Homer D. Chatmon.

IVAN A. ELLIOTT, Attorney General, of Springfield, (ROBERT J. BURNETT, of Chicago, of counsel,) *pro se;* and ECKHART, KLEIN, McSWAIN & CAMPBELL, of Chicago, (PERCY B. ECKHART, WILLIAM A. McSWAIN, and JOHN NEAL CAMPBELL, of counsel,) for appellee Art Institute of Chicago.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Continental Illinois National Bank and Trust Company of Chicago, as trustee of a trust *inter vivos* established by Doctor Daniel D. Van Degrift, deceased, and as executor of Doctor Van Degrift's will, filed its complaint in the circuit court of Cook County seeking construction of the trust agreement and of the will and codicil thereto. The controversy arises on the effect of certain amendments to the trust agreement and of certain provisions of the will and codicil upon the third article of the trust agreement. The trial court held that an amendment to the trust agreement made by the trustor on February 19, 1936, which gives the residuary net income to the Art Institute of Chicago, and eliminates gifts to Homer D. Chatmon and Shriners Hospitals, was valid and controlling. The Appellate Court, on appeal by Homer Chatmon and the Shriners Hospitals, affirmed this holding. We granted leave to appeal.

The allegations of fact controlling this case reveal that on October 16, 1930, Doctor Van Degrift created an *inter vivos* trust naming the plaintiff bank as trustee. By the third article of the trust instrument the trustor reserved the income for life and made certain specific gifts to the Art Institute and then gave the residuum to the Art Institute for purchases of works of art. In February, 1931, the trustor, pursuant to his expressly reserved right to amend the trust instrument, cancelled the third article and substituted a new article third, which preserved the gifts to the Art Institute, but added certain gifts among which were gifts to appellants Homer D. Chatmon and the Shriners Hospitals. Other amendments were made in 1931 which do not affect the controversy here. On February 27, 1934, the trustor cancelled the third article, as amended, and substituted a new article third, which made gifts to various relatives and friends and increased the gift to Chatmon to $100 per month for life, and gave the residuary income to the Shriners Hospitals. It is this amendment which appellants contend is still in force. On February 19, 1936, the trustor made a further amendment by which he cancelled the third article and which omitted Chatmon as a beneficiary and substituted the Art Institute as beneficiary of the residuary income for the Shriners Hospitals. It is this amendment which appellee Art Institute of Chicago contends is still in force.

Thereafter, on August 12, 1943, trustor further amended the third article, cancelling a gift of $5000 to one Thomas C. Van Degrift and a gift of $100 per month to one Charles R. Van Degrift. In this amendment the trustor ratified the trust agreement as dated October 16, 1930, without reference to any prior amendments thereto.

On June 25, 1945, the trustor made a further amendment in which he made reference to the trust instrument dated October 16, 1930, and the amendments dated February 6, 1931, November 11, 1931, February 27, 1934, and

August 12, 1943, and ratified the trust instrument as amended on those dates. No reference was made to the amendment of February 19, 1936. In this amendment the trustor cancelled paragraph (b) and subparagraphs (1) to (6) thereof, contained in the third article of the trust agreement, and substituted specific gifts to five relatives and friends, increased a gift to one Ethel Deacon Orr, and made provision for payment of taxes upon the gifts out of the *corpus*. No reference was made to the disposition of the residuary income. The record shows that paragraph (b) of the third article as contained in the 1934 amendment included subparagraphs (1) to (6), but that article third as contained in the 1936 amendment included a paragraph (b) with subparagraphs (1) to (3) only.

On September 7, 1945, the trustor made a further amendment which, in its ratification clause, referred to amendments dated February 6, 1931, November 11, 1931, February 27, 1934, August 12, 1943, and June 25, 1945. No reference was made to the amendment of 1936. This last amendment also made no reference to the gift of the residuary income.

On August 12, 1943, the trustor made his will by which, in the fourth article, he gave the residuum of his estate to the trustee as a part of the *corpus* of the trust to be distributed as a part thereof. In this will he made reference to the trust instrument dated October 16, 1930, and to the amendment thereto dated August 12, 1943, and to no other amendments.

On September 7, 1945, the trustor executed a codicil to his will by which he cancelled the fourth article of the will and by which he substituted a new article fourth. The codicil made reference to the trust agreement dated October 16, 1930, and the amendments thereto dated February 6, 1931, November 11, 1931, February 27, 1934, August 12, 1943, June 25, 1945, and September 7, 1945. No

reference was made to the 1936 amendment. The codicil gives the residuum of the estate to the trustee as part of the trust to be distributed as a part thereof. The trustor and testator, Doctor Daniel D. Van Degrift, died May 31, 1946.

The controversy here arises on the question whether the 1936 amendment controls as to the disposition of the trust and the residuary estate passing under the will and codicil thereto.

The court admitted, over objection of appellants, extrinsic evidence which tends to show that the trust agreement and amendments thereto were executed by the trustor in duplicate; that the trustee's file contained one executed copy of the agreement and all amendments thereto, which was kept in the trustee's vault under audit control; that there was made an "office file" of the various instruments, which was used in connection with the various amendments. The vault file contained all the amendments, including that of 1936. The "office file" did not include the 1936 amendment and no executed duplicate original of the 1936 amendment was produced on the trial. In making the various amendments after 1936, and in making the will and codicil, reference was had to the "office file," which did not include the 1936 amendment. One McCulloch, the attorney who prepared the various instruments executed after 1936, testified that he was notified that Van Degrift wished to take some action in regard to the trust in each instance and was furnished by the bank with its "office file," in which it appeared that the 1934 amendment had not been revoked, and that he prepared the various papers on the basis of what was contained in the "office file," which did not contain the 1936 amendment.

It appears in evidence that among the papers of Doctor Van Degrift there was found an unexecuted document containing the provisions of the 1936 amendment to the trust instrument.

Appellants assign error in the holding below that the amendment of February 19, 1936, was not revoked, and in the holding that the amendment of February 27, 1934, was not revived and readopted by reference in the amendments of June 25, 1945, and later. Error is also assigned in that extrinsic evidence was admitted on the proceedings below and in holding that the residuary estate, passing under the will and codicil, was governed by the trust instrument as amended by all the amendments thereto, including that of February 19, 1936.

The following questions are presented: (1) Was the amendment of 1936 revoked by the later amendments to the trust instrument? (2) Was the amendment of February 27, 1934, revived and readopted by reference in the later amendments? (3) Does the residuary estate passing under the will and codicil become a part of the trust and, if so, does the 1936 amendment to the trust instrument and later amendments as applied thereto, control its disposition? (4) Was it error to admit extrinsic evidence?

The principal controversy here arises on the contention of appellants that the amendment of June 25, 1945, by its terms, revoked the amendment of February 19, 1936, and revived and incorporated by reference the amendment of February 27, 1934. Appellants base this contention on two premises. They contend that the evidence shows that the amendments to the trust instrument were all executed in duplicate and that the trustor's duplicate of the 1936 amendment was never found and therefore must be presumed revoked. To support this contention, appellants cite the case of *In re Estate of Holmberg*, 400 Ill. 366, for the proposition that where the duplicate copy is not accounted for, the other executed copy is invalid. The cited case concerned an entirely different set of facts and is not applicable here. The simple answer to this contention is that the trust instrument itself explicitly provides the method by which it may be amended. That method is prescribed as follows:

"The trustor may at any time and from time to time by a further or supplemental instrument by him signed, acknowledged and delivered to the Trustee: * * * (2) change the beneficiaries under this trust; * * *." Clearly, the loss or destruction of one copy of the amendment could not, under that express provision, amount to a revocation. Secondly, appellants point to the June 25, 1945, amendment which provides in its preamble that the trustor is exercising the power to amend reserved to himself in the trust agreement dated October 16, 1930, "as heretofore amended by amendments dated February 6, 1931, November 11, 1931, February 27, 1934, and August 12, 1943." Appellants then point to the ratification clause of the June, 1945, amendment which again recites the same amendments by date as are listed in the preamble. In both the preamble and ratification the 1936 amendment is omitted from mention. This, appellants argue, "specifically and in unambiguous language," readopts and incorporates by reference the 1934 amendment and specifically drops the 1936 amendment. A reference to the method of amendment provided in the original trust instrument and the construction placed thereon by the trustor in making the six amendments prior to the one in June, 1945, shows the transparency of this contention. The method of amendment provided in the trust instrument is by instrument signed, acknowledged and delivered to the trustee. In each of the prior amendments, in exercising the power, the trustor set forth in the body of the amending instrument the specific words necessary to change the former status of the trust. In no case does there appear to be any reliance placed on the references to prior amendments contained in preambles or ratification clauses to effect a change in the status of the trust. In the 1934 amendment reference was made to prior amendments dated February 6, 1931, and November 11, 1931, but no reference was made to those dated November 16, 1931, and November 30, 1931. In

the 1936 amendment the ratification clause refers only to "the said trust agreement as heretofore from time to time amended." In the 1943 amendment there is no reference whatever to prior amendments. Clearly, the interpretation placed upon his power to amend by the trustor was that the express words contained in the body of the amendment should be exclusively controlling in their effect upon the trust. There is no merit to the contention that the listing of prior amendments by dates had the effect of reviving those mentioned and revoking those not mentioned.

Appellants also take the position that the amending words contained in the body of the June, 1945, amendment, although controlling, are applicable to the trust as amended by the amendments listed in the ratification clause. An examination of the June, 1945, amendment reveals that the major portion of the amending language is devoted to cancellation of "paragraph (b) and sub-paragraphs (1) to (6) thereof, of Article Third of said trust agreement, as amended," and to substitution therefor of a new paragraph (b), which makes five gifts of $5000 each to (1) Ethel Deacon Orr, (2) Ethel Manley Long, (3) Mabel I. Nichols, (4) Doctor Rupert E. Hall, and (5) Samuel J. Hartt. Referring to the amendments listed in the June, 1945, amendment, the provisions of paragraph (b) of the third article, as amended in 1934, contain subparagraphs (1) to (6) making six gifts of $5000 each to (1) Ethel Deacon Orr, (2) Thomas C. Van Degrift, (3) Ethel Manley Long, (4) Mabel I. Nichols, (5) Doctor Rupert E. Hall, and (6) Samuel J. Hartt. The amendment of 1943, which is listed in the 1945 amendment, cancelled the gift to Thomas C. Van Degrift, and, as applied to the 1934 amendment, left the same identical gifts as were made in the June, 1945, amendment to paragraph (b) of the third article. It is thus apparent that if the 1945 amendment was intended to revive the 1934 amendment, all the amendatory language in the 1945 amendment, pertaining to para-

graph (b) of the third article was useless and made no change whatever. It is thus clear that the language "paragraph (b) and sub-paragraph (1) to (6) thereof of Article Third," as contained in the June, 1945, amendment, is either completely useless or was used under a misapprehension of the status of the trust instruments. In this light the existence of ambiguity becomes apparent when the following language of the June, 1945, amendment, contained in the body thereof, is examined: "I do hereby cancel, revoke and annul paragraph (b) and sub-paragraphs (1) to (6) thereof, of Article Third of said trust agreement, as amended, * * *." The words "said trust agreement, as amended," are in the dispositive body of the June, 1945, amendment, and no reference is made there to any specific prior amendment. The trust agreement "as amended" was the agreement as amended successively by all the amendments, including that of 1936.

It is the rule that where language has been used in a contract that is ambiguous, previous and contemporary transactions and facts may be taken into consideration to ascertain the true meaning of the contract and the sense in which the parties used the particular terms. (*Olson* v. *Rossetter,* 399 Ill. 232.) Thus, extrinsic evidence was properly admitted to enable the court to place itself in the position of the trustor and thus ascertain what was meant by the words he used. The evidence adduced shows that the various amendments were drawn by an attorney who was furnished with the trustee's "office copy" of the trust agreement. That office copy, through inadvertence, did not include a copy of the 1936 amendment, which wholly revoked the third article of the trust agreement as constituted by the 1934 amendment. The attorney prepared the listings of amendments on the basis of what appeared in the trustee's "office copy." There is nothing to show that the trustor directed such listings and his careful delineation of what should be amended in each instance dispels

any ground for holding that the listing of amendments by dates was intended to have any donative effect.

In this view, the court below properly held that the 1936 amendment, which cancelled the third article as constituted by the 1934 amendment, was in full force and effect as modified by the later amendments. The gift to appellant Chatmon included in the 1934 amendment of the third article was revoked and annulled by the 1936 amendment and never reinstated. Likewise, the gift of the residuary income of the trust to appellant Shriners Hospitals, included in the 1934 amendment, was revoked by the 1936 amendment and never reinstated. The apparent ambiguity in the June, 1945, amendment, which purports to revoke paragraph (b) and subparagraphs (1) to (6) thereof, is resolved and explained by the extrinsic evidence. The intention of the trustor was to revoke paragraph (b) of the third article and the words "subparagraphs (1) to (6) thereof" are surplusage, because paragraph (b), as affected by the cancellation of the gift to Thomas C. Van Degrift in the 1943 amendment, did not contain six subparagraphs in either the 1934 or 1946 amendments. In the former, after 1943, only five subparagraphs were left. In the latter, only two were left.

The same controversy as analyzed above exists as to the will and codicil executed on June 25, 1945, and September 7, 1945, respectively. The trustor, in his will, in the fourth article thereof, gave all his residuary estate, amounting to some $165,000, to the Continental Illinois National Bank and Trust Company, the plaintiff trustee here, "as Trustee under the provisions of the Trust Agreement which I have heretofore entered into, dated October 16, 1930, as amended by an amendment dated August 12, 1943, and said Trustee shall receive the same as a portion of the principal or corpus of said trust estate, and shall distribute the same as a part thereof." In the codicil to the will, the fourth article of the will is revoked and a

new article fourth is substituted which is identical in tenor except that in the codicil the gift is made to the trust "as amended by amendments dated February 6, 1931, November 11, 1931, February 27, 1934, August 12, 1943, June 25, 1945, and September 7th, 1945,  *  *  *."

Appellants contend that the listing of amendments in the codicil has the effect of giving life only to those amendments listed; that therefore the 1934 amendment is adopted by reference. The trouble with this contention is that the trust instrument and the trust are governed by all the amendments, as demonstrated above, including that of February 19, 1936. The gift under the will and codicil, as applied to the trust agreement and its amendments, presents the same ambiguity and requires the same conclusion as was reached in the foregoing consideration of the trust instrument and its amendments. Clearly, the intention of the testator was to give the residue of his estate to the trustee to be administered under the terms of the trust instrument as amended from time to time. To hold otherwise is to change the duties of the trustee and amend the trust by a method other than that prescribed in the trust instrument. Certainly, there is no basis in the will or codicil for the creation of a new and different trust for the benefit of appellants.

In accordance with our views heretofore expressed, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GUNN, dissenting:

The deceased, Van Degrift, executed, in his lifetime, an *inter vivos* trust and also a last will and testament with a codicil thereto. I do not question the part of the court's decision relating to the trust agreement and its various amendments. My dissent relates to the part of the decision which permits the will and codicil of the deceased to be amended by declaring the trust agreement as amended by

the court is an instrument or document to which the deceased referred in his will executed September 7, 1945. The trustee named in the trust agreement and the executor of the will is the same banking institution which filed a complaint to enforce a certain amendment to the trust claimed to have been executed February 19, 1936, and as a result the court entered a decree by which the Art Institute of Chicago became the principal beneficiary of both the trust and the will.

The original will was executed August 12, 1943, and, among other dispositions, provided his residuary estate should be given to the bank trustee to be disposed of in accordance with his trust agreement of October 16, 1930, together with the amendment of August 12, 1943. Later, on September 7, 1945, the testator made a codicil to this will and cancelled the provision in the original will relating to the trust and made a new provision giving the residuary estate to the said trustee to be disposed of in accordance with the trust created October 16, 1930, and as amended on February 6, 1931, November 11, 1931, February 27, 1934, August 12, 1943, June 25, 1945, and September 7, 1945. It will be noticed he did not adopt as a part of his will by reference the amendment of February 19, 1936. Hence, if we were to consider the will alone, the will and codicil distributed the residuary estate in accordance with a referred-to document which did not include the provision of February 19, 1936, in favor of the Art Institute. When the court permitted the trust agreement to be amended so as to include therein the amendment of February 19, 1936, in favor of the Art Institute, which was permissible in a court of equity under certain conditions, the trial court evidently concluded that the same correction could carry into the last will of the deceased, and this court has affirmed that decision. There are two fatal objections to this course of action.

In the first place, there is no certainty that the testator intended that his will should dispose of the residuary estate in the manner specified in the amendment of the trust dated February 19, 1936, even if it had been in the trust as it was amended on September 7, 1945. In fact it was not in the trust at the time of the testator's death and was only placed there by construction. It is entirely probable that the testator intended to do exactly what he did do, since, at the time of making his last will and codicil, he did not incorporate by reference all of the amendments to the trust as it then existed. Merely because the trial court believed the testator intended the Art Institute to be the beneficiary of the trust estate does not prove that he intended it to be the beneficiary of the residuary estate.

The other insuperable obstacle to the thus amended will is that the law requires it to be executed by the testator in the presence of at least two attesting witnesses and acknowledged as his last will and testament, in their presence. It is well understood and in fact conceded by the appellees that a mistake in a will cannot be cured by parol evidence, nor any material change made from its terms except in the manner provided for the legal execution of a will. Appellees do not dispute this principle but contend that amending the trust agreement is not amending the will. This is legal sophistry. The trust agreement and the will are entirely separate documents. The trust agreement is only material to the construction of the will as being part thereof by reference and then only to the parts thereof explicitly referred to. There is nothing to show that the testator would have specified that the amendment of the trust made February 19, 1936, should be written into his will even if it had been then in the trust agreement; nor is there any proof that the will as thus amended was made in the manner required by statute. It is a new interpretation of the law relating to wills that you may not change

a will by codicil except in accordance with the statute governing wills but you may change the document made a part of the will by reference without this formality, and in this way change a will and escape the fatal result of attempting to change a will by parol evidence. I believe the result of this case as to the residuary estate disposed of by the will is clearly wrong.

SIMPSON, C.J., and DAILY, J., concur in the above dissenting opinion.