Virgil Johnson, Plaintiff-Appellee, v. James V. Moon, Administrator of Estate of James George Moon, Deceased, Defendant-Appellant.

James V. Moon, Administrator of Estate of James George Moon, Deceased, Counterplaintiff-Appellant, v. Safeway Truck Lines, Inc. et al., Counterdefendants-Appellees.

Gen. No. 46,059.

Opinion filed December 2, 1953. Rehearing denied December 30, 1953. Released for publication December 30, 1953.

RALPH F. HIMMELHOCH, of Chicago, for appellant; RALPH F. HIMMELHOCH, of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, for certain appellees; SAUL A. EPTON, of Chicago, for certain other appellee; EDWARD A. SCOTT, MAX E. WILDMAN, and JOHN M. O'CONNOR, JR., all of Chicago, of counsel.

MR. PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff brought this action against James V. Moon, administrator of the estate of James George Moon, deceased, to recover for property damage to plaintiff's tractor and trailer, arising out of a collision with an

automobile owned and driven by the deceased, alleging negligence on the part of the deceased.

The administrator, by leave of court, filed a counterclaim against plaintiff and making Safeway Truck Lines, Inc., Philip K. Saxton and Kenneth Johnson third-parties defendant, alleging negligence against all of the counterdefendants in the operation of the trailer-tractor involved in the collision causing the death of said deceased. Summons was issued against the last named counterdefendants.

After appearance and jury demand, counterdefendant Safeway Truck Lines made a motion to vacate the order entered February 16, 1951, which allowed the filing of the counterclaim against it and the other counterdefendants, and to dismiss the action as to said counterdefendants. On June 16, 1952, this motion was allowed and the suit dismissed as to said counterdefendants, with costs taxed against said counterclaimant.

The following day the administrator moved to vacate the order of June 16 upon the ground, principally, that JUDGE WARD had no right or authority to review the order of JUDGE SBARBARO entered on February 16, 1951, allowing the filing of said counterclaim, and therefore the order entered by JUDGE WARD was void *ab initio*. This motion was denied on October 16, 1952. This appeal is by counterclaimant from the orders of JUDGE WARD entered June 16, 1952, and October 16, 1952.

The only questions presented by this appeal are whether JUDGE WARD was without authority in entering the order of June 16, 1952, and whether there was error in dismissing the action as to said counterdefendants.

■■ There is no merit in the point as to lack of authority. It appears that JUDGE WARD had been designated and was acting as head of the law division and

assignment and motion judge in jury cases, hence the reason for bringing the motion to dismiss for hearing before him. The order entered by JUDGE SBARBARO, granting leave to file the counterclaim, was merely interlocutory, not a final order or judgment, and was subject to change at any time before final judgment entered in the case. *Roach v. Village of Winnetka,* 366 Ill. 578, 581.

Counterclaimant contends that he had a right under sections 25 and 38 of the Civil Practice Act (Ill. Rev. Stat., ch. 110 [1953, §§ 149, 162; Jones Ill. Stats. Ann. 104.025, 104.038]) to file his counterclaim bringing in third parties as counterdefendants.

Section 25 allows bringing in new parties "where a complete determination of the controversy cannot be had without the presence of other parties . . . where a person, not a party, has an interest or title which the judgment may affect."

Section 38 provides: "Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of set-off, recoupment, cross-bill in equity or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counterclaim."

It will be noted that section 38 allows the filing of such a counterclaim against one or more plaintiffs, or against one or more codefendants. The instant counterclaim is directed against those who were not at the time codefendants and, therefore, section 38 is not applicable to them. *Aaron v. Dausch,* 313 Ill. App. 524, 538; *Countiss v. Whiting,* 306 Ill. App. 548, 552; and *Chicago Title & Trust Co. v. Wolchinovesky,* 326 Ill. App. 194.

Counterclaimant relies chiefly upon *Curran v. Harris Trust & Savings Bank,* 348 Ill. App. 210. The case cited is not applicable. It involved the question as to whether a defendant could, by countercomplaint in the nature of interpleader, and for injunctive relief, bring in a third-party defendant, not a party to the action, but who made claim to the fund in question. The court there observed, p. 215, that sections 25 and 38 of the Civil Practice Act, when construed together, were designed to continue the previous chancery practice with respect to parties to cross-bills.

Counterclaimant argues that section 4 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 128; Jones Ill. Stats. Ann. 104.004] provides that the Act be liberally construed, and that when read in connection with sections 25 and 38, it furnishes sufficient basis for the right to maintain the counterclaim.

Section 25, it will be seen, provides that new parties may be brought in "where a complete determination of the controversy cannot be had without the presence of other parties." In the instant action, the counterclaim directed against the plaintiff as the owner of the trailer-tractor, and which alleged negligence in the operation of the trailer-tractor, causing the death of decedent, can be fully determined as to plaintiff without the presence of the counterdefendants named. Furthermore, said counterdefendants would not be bound or their rights affected by any determination of the issues raised by the counterclaim against plaintiff. Hence, section 25 is not applicable to this situation.

We think the court correctly dismissed the counterclaim as to the counterdefendants, not parties to the original action.

The judgment is affirmed.

*Affirmed.*

KILEY and LEWE, JJ., concur.