124 Ill. App.2d 334 (1970)
260 N.E.2d 281
Continental Illinois National Bank and Trust Company of Chicago, a National Banking Association, and Roger C. Sullivan, II, Not Individually, but as Trustees Under Trusts Known as the Boetius H. Sullivan Trust and the Loretta C. Sullivan Trust, Plaintiffs-Appellants,
v.
Mary S. Griffin, Helen S. McKinley, Roger C. Sullivan, II, Individually, William J. Griffin, Jr., et al., Defendants-Appellees and Cross-Appellants. Mary S. Griffin, Helen S. McKinley, Roger C. Sullivan, II, Individually, William J. Griffin, Jr., Hollis Griffin, Roger S. Griffin, Roger C. Sullivan, Jr., Cynthia Marie Sullivan, Gail McKinley Donovan, Maryl McKinley, Marcee Sullivan and Marcaline B. Sullivan, Not Individually but as Guardian of the Estates of Boetius H. Sullivan, III, Mark B. Sullivan, Kurt T. Sullivan, Renee L. Sullivan and Ryan C. Sullivan, Minors, Counterplaintiffs and Cross-Appellants,
v.
Continental Illinois National Bank and Trust Company of Chicago, a National Banking Association, and Roger C. Sullivan, II, Not Individually, but as Trustees Under Trusts Known as the Boetius H. Sullivan Trust and the Loretta C. Sullivan Trust, Counterdefendants and Cross-Appellees.
Gen. No. 53,445.
Illinois Appellate Court  First District.
May 15, 1970.
*335 Murphy and Pearson, of Chicago, for appellants.
Bernard McDevitt, of Chicago, for persons not in being, defendants-appellees and cross-appellants.
*336 Sidley & Austin, of Chicago (William H. Avery and Larry D. Berning, of counsel), for counterplaintiffs and cross-appellants and adult defendants-appellees.
Hirsch E. Soble, of Chicago, guardian ad litem for minor defendants-appellees and minor cross-appellants.
RYAN, J.
This is an appeal from a decree of the Circuit Court of Cook County which construed the language of a trust and allowed a deviation from it. All of the parties have appealed and cross-appealed in this case.
The Loretta C. Sullivan Trust directs the distribution of the trust income equally among the Settlor's four children and provides that, in the event of the death of any of her children, the "issue or descendants" of such deceased child "shall be entitled, share and share alike, to the distributive share and portion of the income of this trust that would have gone to the deceased child, if still living, subject to the provisions of this indenture as to the distribution of income to minor children."
The only "provisions of this indenture as to the distribution of income to minor children" are: a "facility of payment" provision for distribution to the father or guardian of a minor child which question is not here involved; and a limitation on the amount to be paid to a minor child, reading as follows:
"... in the case of children who have not reached the age of twenty-one (21) years, in the event that the share or portion of the income of such minor child from this trust exceeds in any year the sum of Six Thousand Dollars ($6,000.00), then the excess of income over Six Thousand Dollars ($6,000.00) of such minor child for such year shall be held and accumulated and invested by the Trustees and treated as corpus and principal held for such minor child, *337 and when such minor child reaches the age of twenty-one (21) years, then he or she shall receive the total amount of his share or portion of the income of the trust estate, including the income on the additional corpus or principal accumulated for him or her while under twenty-one (21) years of age, in accordance with this paragraph."
The Settlor's son, Boetius H. Sullivan, Jr., died on December 19, 1966, and left six minor children surviving him. At the time of his death, Boetius H. Sullivan, Jr., an adult, was receiving approximately $20,000 annual distributable income from the trust.
The plaintiff trustee filed a complaint for construction of the trust and the trial court ruled that the Six Thousand Dollar annual limit on distribution to a minor child applied collectively to the six children of Boetius H. Sullivan, Jr., so that an effective individual limit of One Thousand Dollars per child was imposed. The trial court further ordered a deviation from the trust as an offsetting factor to the imposed limitation by providing that if the guardian of the estate of any minor or minors, at any time, was of the opinion that a portion or all of the income was necessary for the care and education of such minor or minors, such guardian could make application to the court for an order authorizing the trustees to pay any portion or all of the income or principal of any minor's or minors' trusts to the guardian for the use of such minor or minors in such amounts and for such purposes as the court might direct.
[1, 2] Rules of construction of wills are alike applicable to the construction of trust agreements. Storkan v. Ziska, 406 Ill. 259, 263, 94 NE2d 185. However, if the intention can be gathered from the language of the instrument without reference to rules of construction, there is no occasion to use them. Wiener v. Severson, 11 Ill.2d 347, 143 NE2d 225; Stagg v. Phenix, 401 Ill. 134, 81 NE2d 565.
*338 [3-5] From a reading of the language of the trust which has already been quoted, we are of the opinion that the Settlor's intention can be determined without reference to rules of construction. The words employed are clear and unambiguous. Taking the language at its face value, the Settlor meant to employ the distribution limitation to each minor child participating in the trust and not to any group of children. The six children of Boetius H. Sullivan, Jr. are entitled to receive all of the income that their father would have received, if living, subject only to an individual limitation of $6,000 per child and not a $1,000 limitation per child as imposed by the trial court. As stated by our Supreme Court in the Wiener case above cited and at page 263 of the Storkan case also cited above:
"... when ... the words used in their ordinary sense are plain and their meaning clear, construction demands the use of the plain intention...."
The question has been raised on this appeal as to the authority of the court to authorize a deviation from the provisions of the trust. In light of our decision concerning the distribution of income under the trust, it is unnecessary for us to decide this question on this appeal under the facts presented to us in this case.
[6] During the trial, an offer of proof was made to show by statements of the Settlor that the Settlor did not intend or desire that trust income be accumulated and that neither did she intend or desire too large an annual distribution but that a distribution of all the income with a $6,000 individual limitation was about right. This offer was rejected by the trial court. We have considered the cited cases, including Continental Illinois Nat. Bank v. Clancy, 18 Ill.2d 124, 163 NE2d 523. In general, it may be stated that where the language of a trust instrument is ambiguous, contemporary transactions and facts may be taken into consideration to ascertain what *339 the Settlor meant by the words he used. Continental Illinois Nat. Bank v. Art Institute, 409 Ill. 481, 100 NE2d 625; Weir v. Leafgreen, 26 Ill.2d 406, 186 NE2d 293. We do not feel that the language in the case at issue was ambiguous so as to permit parol evidence. Furthermore, the evidence offered only tends to substantiate that which we have held to be the clear meaning of the language used which can be ascertained from the instrument itself without the aid of rules of construction and also without the aid of extrinsic evidence.
[7] Finally, the issue has been raised that distribution is being made in a lump sum to a Guardian for the six children who may not be allocating exactly equal sums to each of the children. It has been correctly pointed out that the Guardian has a duty to account to the Probate Division of the Circuit Court of Cook County and that she acts at her peril in making unequal disbursements. However, inasmuch as the matter is before this Court at this time, we would be remiss in our duty if we did not point out that the trust instrument directs that these children "... shall be entitled, share and share alike, to the distributive share and portion of the income of this trust...." This means that the children are to be treated equally. It would be improper to spend the income share of one of the children on one of the other children. In order that this division may be more clear to the Guardian and with the hope that future controversies in this respect will be avoided, we believe that it would be both helpful and proper for the Trustee to distribute separate payments to the Guardian for each of the six children rather than a distribution in bulk.
Accordingly, the decree of the Circuit Court of Cook County is reversed and remanded for further proceedings consistent with these views.
Reversed and remanded.
STOUDER, P.J. and ALLOY, J., concur.