MARGARET LLOYD, Plaintiff-Appellant, *v.* SEARS BANK AND TRUST COMPANY, *et al.*, Defendants-Appellees.

First District (1st Division) No. 78-475

Opinion filed December 4, 1978.

142

James A. Horn, of Chicago, for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (John F. McClure, Arthur L. Klein, and Kevin Reilley, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Margaret Lloyd filed a suit to enforce a trust agreement executed by Edward W. Schneberger, now deceased, and defendant Sears Bank and Trust Company. Plaintiff was a named beneficiary under the trust agreement. Defendant Sears previously informed plaintiff that she was to receive 30% of the trust estate after payment of death taxes and estate charges. When plaintiff received a lesser amount, she filed a suit for enforcement.

During a bench trial, defendants moved to strike and dismiss plaintiff's complaint as being legally insufficient. Regarding the suit as essentially one for construction, the trial court granted the motions, reasoning that plaintiff failed to show any ambiguity in the trust agreement which might entitle her to a larger share of the estate. Plaintiff was granted leave to amend her complaint, but failed to do so, filing this appeal instead.

On appeal, plaintiff argues (1) that her complaint was not legally insufficient for failure to state a cause of action; (2) that defendants' motions to strike and dismiss were legally insufficient; and (3) that the trial court abused its discretion when it refused to allow plaintiff to amend her complaint so as to incorporate another theory of recovery.

We affirm.

Edward W. Schneberger, deceased, executed a trust agreement with defendant Sears Bank and Trust Company as trustee. Plaintiff Margaret Lloyd was Mr. Schneberger's sister-in-law and one of the beneficiaries under the trust. Following the death of the settlor, defendant Sears received advice from its attorney regarding proper distribution of the trust property to the beneficiaries. The attorney advised that plaintiff should receive 30% of the estate remaining after payment of death taxes and proper estate charges. Defendant Sears then informed plaintiff that she would receive 30% of the estate. When the distributions were finally

made, however, plaintiff did not receive 30% of the estate, but rather, a substantially lesser amount.

Thereafter, plaintiff filed the instant suit to enforce construction of the trust as initially indicated by the defendant trustee. Plaintiff joined the other beneficiaries as necessary parties. In her complaint plaintiff alleged that the $37,000 distribution she received "did not conform to the provisions of said paragraph 3.1 * * * in that plaintiff received 30% of the estate remaining after deducting $2,000 to each beneficiary named in paragraph 3.1(a) and after deducting the 45% distributable share to Richard P. Zeimet in paragraph 3.1(b)." She further alleged that "based upon a correct interpretation of paragraph 3.1," plaintiff would have been entitled to $70,000 and that "to determine a correct distribution of the trust it is necessary that the trust instrument be construed and if there is an ambiguity in the instrument, that such ambiguity be resolved."

Defendants filed motions to strike and dismiss the complaint on the ground that there was no ambiguity in the trust instrument and that, as a matter of. law, plaintiff was entitled to no more than she received. The trial court sustained defendants' motions and held that the trust instrument was unambiguous and that plaintiff's complaint did not state a cause of action.. Plaintiff was given leave to amend her complaint so that she could challenge the correctness of the amounts and seek an accounting. Plaintiff elected, however, to stand on the original complaint and filed this appeal.

On appeal, plaintiff first argues that the trial court erroneously found her complaint legally insufficient for failure to state a cause of action. In support of her view, plaintiff cites cases where trustees were held liable for making improper distributions of the trust property. *Piff v. Berresheim* (1950) 405 Ill. 617, 92 N.E.2d 113; *Countiss v. Whiting* (1940), 306 Ill. App. 548, 29 N.E.2d 277.

■■ We agree with the trial court's finding that plaintiff's complaint failed to state a cause of action and was properly dismissed. The trust instrument in question reads in relevant part:

"3.1 After making the provisions for the payments contemplated by the preceding provisions of this instrument, [death taxes and proper estate charges]. the trustee shall allocate the trust estate on my death, including property added to the trust estate by my will or from any other source, as provided in this paragraph.

(a) The Trustee will distribute as soon as practicable after my death cash assets to the following persons:

(i) DR. MILES CERMAK, if living, the sum of Two Thousand Dollars ($2,000.00);

(ii) MARIE JAKUBKA, a family friend, if then living, the sum of Two Thousand Dollars ($2,000.00).

If any of the beneficiaries are not living at my death, their distribution shall lapse and be added to the residuary trust assets.

(b) After the cash distributions contemplated in Paragraph 3.1(a) have been made, the trustee will distribute forty-five percent (45%) of the estate to my brother, RICHARD P. ZEIMET, if he is living at my death, otherwise this 45% share shall be distributed to his wife, IRENE M. ZEIMET, if she is still alive at my death. Should both RICHARD P. ZEIMET and IRENE M. ZEIMET both fail to survive me, then this share shall lapse and be added to the residuary estate.

(c) After the distributions contemplated in Paragraph 3.1(a) and Paragraph 3.1(b) have been completed, the trustee will distribute thirty percent (30%) of the estate to my sister-in-law, MARGARET LLOYD, if living, otherwise to her husband, CARL J. LLOYD, if living at my death. Should both MARGARET LLOYD and CARL J. LLOYD both fail to survive me, then this share shall lapse and be added to the residuary estate."

It is well settled that when making the initial determination whether a trust agreement need be construed, courts will apply rules of construction applicable to wills. (*Continental Illinois National Bank & Trust Co. v. Griffin* (1970), 124 Ill. App. 2d 334, 260 N.E.2d 281.) Though plaintiff labels her suit as one for enforcement, clearly it involves construing the trust agreement, since she alleges that defendant Sears made an improper distribution of the trust property. The suit is, in effect, a suit for construction. In suits involving the construction of a will or trust, the complaint is fatally defective if the language of the document is unambiguous. *Chicago Title & Trust Co. v. City of Waukegan* (1929), 333 Ill. 577, 165 N.E. 348.

■■ ■ Viewing the trust agreement in its entirety, it is clear that the settlor's repeated use of the word "after" necessarily indicates that distribution to plaintiff was to be made as a specified percentage of the trust estate remaining after *all prior* distributions were made. These prior distributions include death taxes, estate charges and $2,000 distributions to Dr. Cermak, and Marie Jakubka, and the 45% distribution to Richard Zeimet. Clearly, plaintiff was not to receive 30% of the estate available for distribution. As the trial court held, the trust agreement is clear and unambiguous and plaintiff received all to which she is entitled. She cannot expect the court to enforce the obviously mistaken interpretation of the trust agreement initially given by defendant Sears' attorney. Consequently, because the language was unambiguous, the trial court properly dismissed plaintiff's complaint as legally insufficient.

■■ Plaintiff next argues that defendants' motions to strike and dismiss the complaint were legally insufficient for failure to specify the defects in the

complaint. We disagree. The motions were clearly sufficient since they pointed out that the complaint failed to set forth an ambiguity in the trust agreement in need of construction. *In re Estate of Carlson* (1976), 39 Ill. App. 3d 281, 350 N.E.2d 306.

Plaintiff next argues that the trial court abused its discretion when it refused to allow plaintiff to amend her complaint to incorporate another theory of recovery other than one for an accounting.

A review of the record indicates that plaintiff was granted leave to file an amended complaint. The order granting defendants' motion to dismiss specifically stated that "leave is granted to the plaintiff to file an amended complaint within 28 days from the date hereof." However, plaintiff argues that the trial judge abused his discretion when, during hearing, he indicated that he would only allow an amendment seeking an accounting. Further evidence of abuse of discretion, plaintiff argues, was the trial judge's threat to impress sanctions if her amendment sought "the same relief".

We disagree. It is true that the trial judge suggested that, because he was not ruling on the question whether the amount distributed was proper, plaintiff could seek an accounting. From a reading of the record, however, it is difficult to determine whether the trial judge was ruling out any other theory of recovery, although it is difficult to imagine what other theory of recovery plaintiff might suggest. The order, granting plaintiff leave to amend, did not impose any restrictions on its face. Further, since plaintiff failed to file an amended complaint, it is pure conjecture for her to forecast what the trial court would have done had an amended complaint been filed. Absent the filing of an amended complaint, we are powerless to review the exercise of discretion by the trial judge. *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 170 N.E.2d 147.

For the foregoing reasons, we affirm the order of the trial court.

Order affirmed.

O'CONNOR and BUCKLEY, JJ., concur.